## CAHILL *against* BENN and others.

### IN ERROR.

THIS was an ejectment in the Common Pleas of *Indiana* county, in which the attorney of *Benn* and others, the plaintiffs, below, in his *præcipe* for the summons, particularly described the land in controversy; the defendant pleaded the statute plea of not guilty, and on this issue the cause went to trial. A verdict being entered for the plaintiffs, the defendant moved for a new trial; and the Court being equally divided, the motion was held under advisement. Afterwards the plaintiffs' counsel moved for judgment, and two judges being present, one ordered judgment as a matter of course, and the other objected to the entry. The prothonotary entered judgment; and on the same day, the 14th of *June* 1813, execution was issued. On the same day, likewise, a recognizance to prosecute a writ of error was entered into, and made known to the plaintiffs; and on the 15th of *June* about 10, A. M. the writ of error issued. At 12, at noon of the 15th, possession was delivered under the *habere*, and on the 16th about sunset, the writ of error was shewn to the Court of Common Pleas, and the sheriff. The attorneys subsequently agreed to abide by the opinion of Mr. *Ross*, upon the question whether restitution ought to be made; and his opinion was in favour of restitution.

The points made in this Court by *A. W. Foster* for the plaintiff in error, were: 1. That there was no judgment in the Court below. 2. That restitution should be ordered, as well on the ground of law, that the writ of error was a supersedeas to the execution, as on the ground of the agreement below, and Mr. *Ross's* opinion. 3. That there was error in the omission of the plaintiffs to file a description of the land, on or before the first day of the term to which the writ was returnable, according to the sixth section of the act of 21st *March* 1806.

*Baldwin* for the defendants in error.

it is not necessary for the plaintiff to file another description of the land, according to the sixth section of the act of 21st *March* 1806.

1813.

Pittsburg, Monday, September 13.

Verdict for the plaintiff in the Court below. Motion for a new trial, on which the judges were equally divided. Afterwards motion for judgment for the plaintiff, two judges being present. One ordered judgment to be entered, the other objected to the entry, whereupon the clerk entered judgment: *Held* that this was a good judgment, this Court presuming that the dissenting judge intended merely to enter his dissent on the record, and not to arrest the regular course of law, by prohibiting the prothonotary from making a proper entry.

Agreement of attornies in the Court below, to abide by the opinion of a professional gentleman, upon the question whether restitution of the premises should be made to the plaintiff in error from whom they had been taken by a *habere facias*, enforced by the court of error.

If the *præcipe* for a summons in ejectment, particularly describes the land in controversy,

1813.

CAHILL
*v.*
BENN
et al.

On the first point, the Chief Justice delivered the opinion of the Court as follows:

TILGHMAN C. J. At first view of this record there seems some difficulty in saying whether a judgment has been entered or not. There were but two judges in Court. One directed the entry of the judgment, the other objected to it, but judgment was entered. In order to understand the meaning of this, it is necessary to consider the matter concerning which the Court differed. There had been a verdict for the plaintiffs, and a motion for a new trial, which was argued and held under advisement. It does not appear that any opinion was expressly given on this motion, but afterwards when the Court was moved for judgment, the judges were equally divided. There was no point on which they could differ, but on the motion for a new trial. It appears to us therefore that when Judge *Campbell* dissented from the direction of his brother judge to enter the judgment, it is to be considered as no more than an expression of his opinion that the verdict ought to be set aside. The Court being equally divided on this point, judgment ought to have been entered. We cannot suppose that Judge *Campbell* meant to act with such impropriety as to arrest the regular course of law, by forbidding the prothonotary to make a proper entry. We rather think, that he wished his opinion against the verdict to be entered on the record, and to leave the rest to the law. Any other proceeding would have been highly improper, and we will not without necessity, suppose that Judge *Campbell* intended to do what was wrong. Undoubtedly a judgment is the act of the Court, and the prothonotary is no more than their agent in entering it. But under all the circumstances of this case, we understand that there was a verdict for the plaintiffs, and a difference between the judges concerning a new trial, and a judgment entered for the plaintiffs in consequence of the Court's being equally divided. It is unfortunate that our records are not made up with more precision. But in the state in which they are often presented to us, we consider it as our duty to construe them with the greatest liberality, and in such manner as will effectuate the true meaning without regard to form.

On the point of restitution, the Court were of opinion that the agreement of the attornies below should be enforced; but gave no opinion upon the question of law, from what time a writ of error is a supersedeas. Vid. *Stat.* .3 *Jac. c.* 8., 2 *Bac. Abr.* 477. *Error H.*, *Tidd's Prac.* 1068, 1070, 2., *Act of* 11th *Mar.* 1809. *Purd.* 134.

1813.

CAHILL
*v.*
BENN
et al.

On the last point the Chief Justice delivered the following opinion.

TILGHMAN C. J. The error assigned in this case is, that the plaintiffs did not file a description of the land for which the suit is brought, agreeably to the provision of the act of the 21st of *March* 1806. It appears by the record, that the plaintiffs before the issuing of the writ, filed a *præcipe*, in which was contained a sufficient description of the land, and that the defendant pleaded not guilty, on which issue was joined. It is a captious objection, because the defendant was fully apprized of the plaintiffs' claim. The defendant's counsel insist that the act of assembly has introduced a new proceeding in case of ejectment, which must be strictly complied with. Let us examine the act then. The object of the legislature was to simplify the action of ejectment, which before, though well understood by lawyers, was founded in fiction, and incomprehensible by any but professional men. In the first place a form of writ is prescribed, in which the land is described; after which it is added as follows, " the " right of possession or title to which he the said plaintiff " saith is in him, and not in the said defendant, all which " the said plaintiff averreth he is prepared to prove &c." It is directed in a subsequent part of the act, that " it shall be " the duty of the plaintiff to file in the office of the protho- " notary, on or before the first day of the term to which the " writ is returnable, a description of the land, together with " the number of acres which he claims and declares that the " title is in him, and the defendant shall enter his defence, " (if any he hath) for the whole or any part thereof, before " the next term, and thereupon issue shall be joined." By a supplement passed 13th *April* 1807, it is enacted that the plea of the defendant shall be " not guilty." Now in this case, the *præcipe* of the plaintiffs filed before the issuing of

the writ, did contain such a description as the law requires, what more then is wanted? Why says the defendant it is not alleged in the *præcipe* that the plaintiff *claims the land and declares that the title is in him.* And where was the occasion when this was averred in the writ? At first reading of the sixth section I thought that although unnecessary, the law did require it; but upon considering it critically I find that it is not so. He is to file a description of the land *which he claims and declares that the title is in him;* but he is not to say in that paper, that he does so claim and declare &c, because that is done in the writ; in other words he is to file a description of the land which in the writ he claims and declares the title to be in him. This is the construction of the plaintiff's counsel, and I agree with him. The words will well bear it, and it is not pretended that there is the least use in making the averment again, which is made in the writ. I am therefore of opinion that the judgment should be affirmed.

YEATES J. absent in consequence of sickness.

BRACKENRIDGE J. of the same opinion with the Chief Justice.

Judgment affirmed.