## ANDREWS *against* LEE.

The parties to an action in court referred it to three referees, and agreed that their award should be final, and that no exceptions should be filed to it. *Held*, that a writ of error would not be sustained to reverse a judgment upon the award. In such a case, the court would interfere to set aside the award, only on the ground of bribery or corruption.

WRIT of error to the Common Pleas of *Crawford* county.

In this action on the case, *Nathaniel B. Lee* was plaintiff, and *John Andrews* defendant. *Andrews* sold to *William Lee* a tract of land, in consideration of a certain sum, payable in yearly instalments, some of which were paid, when *William Lee* sold to the plaintiff *Nathaniel B. Lee*, in consideration of a certain sum, and that he would pay the balance due to *Andrews*, by whom they agreed the deed should be made to, *Nathaniel B. Lee*, who upon the allegation that the purchase money was all paid, brought this suit against *Andrews*, which was pending, when the following agreement was entered into:

"It is agreed that the matters in variance in this case between the parties, be referred to *Jared Shattock, Samuel Torbett* and *David Dick*; if any of these refuse to act, and the parties cannot agree on others in their place, the two or one agreeing to act to appoint other one or two without consulting the parties. The award of two to be sufficient, and their award final and no exceptions to be filed,—report into office, and judgment—exparte rule on six days' notice—Nov. 14, 1827, referred under act of 1705."

The referees made the following award, to which no exceptions were filed in the court below:

"That *John Andrews*, the defendant in the above case, shall, on or before the first of April, 1829, make to the plaintiff *Nathaniel B. Lee*, and to his heirs and assigns, a good and sufficient deed to, and of the fifty acres of land agreed to be conveyed by defendant to *William Lee*, by an article of agreement bearing date 19th January, 1821, between *John Andrews* and *William Lee*; and on the delivery of the said deed to the said plaintiff, his heirs or assigns, he or they shall pay to the said *John Andrews*, his heirs or assigns, the sum of sixty dollars; and on failure of the said *John Andrews* to make to the said plaintiff the deed aforesaid, within the term aforesaid mentioned, he shall pay to the said plaintiff the sum of three hundred and fifty dollars; as well for a reimbursement of the sum by the said plaintiff paid to the said defendant on account of the said land, as for the damages he shall also have sustained, by the failure of the said defendant to make the said deed aforesaid for the said fifty acres of land. The costs that have accrued to be paid equally by the parties to the suit. December 3, 1827."

(Andrews *v.* Lee.)

Errors assigned—1. The plaintiff below could not support this action in his own name against the defendant, on the article set forth in his declaration; there is therefore no cause of action set forth in the plaintiff's declaration.

2. There is error in that part of the award which states, that the plaintiff should in a certain event, pay to the defendant a certain sum of money, and defendant should make title.

3. There is error in finding by their award, that the defendant should pay back the money he had received.

4. There is error in finding damages for plaintiff, which might accrue after the date of the award, for failure to comply with the award.

*Pearson* and *J. Banks* for plaintiff in error,

To support the writ of error, cited *Mussina* v. *Hertzog*, 5 *Bin.* 389. *Moyer & Kerby*, 14 *Serg. & Rawle*, 164. *Russell* v. *Gray*, 6 *Serg. & Rawle*, 146.

*Galbreath* and *Wallace* for defendant in error,

Cited, *Cahill* v. *Ben*, 6 *Binn*. 59. *Galbreath* v. *Colt*, 4 *Yeates*, 551.

The opinion of the court was delivered by

Huston, J.—To understand the first exception on looking into the declaration, it states, that *John Andrews* had contracted by articles of agreement, to sell to *William Lee* a tract of land, and specified the terms; that *William Lee* had sold the said land to *N. B. Lee*, the plaintiff, and authorised him to receive the deed, on payment of the purchase money:—that *N. B. Lee* had paid, &c. The other two errors are to the award.

A preliminary question was made, whether a writ of error could be sustained—or whether the agreement did not estop the parties and prevent the court from inquiring into the matter. In 5 *Bin.* 389, an agreement that an award shall be final and conclusive, was decided to be open to exceptions, but it is also stated, that if the agreement had been, that no exceptions should be filed to it, none could have been heard. I had occasion while in the Common Pleas to examine this matter in a case, *(Benner* v. *Cambridg,)* where I was satisfied injustice to a large amount had been done; and then found so many cases in our own reports, in which the court had assumed this matter to be settled, that I considered myself bound, and gave an opinion to that effect; and stated, that but for those cases I would have interfered, and I did this to bring the matter to the consideration of the Supreme Court. A writ of error was taken, and judgment affirmed; as I knew by seeing the record remitted to me to be carried into effect. I have not now had

(Andrews *v.* Lee.)

leisure to examine the cases fully, but I find in 6 *Bin.* 99, a reference of a matter of law to a particular counsel enforced and no inquiries into it on a writ of error—and in 4 *Yeates,* 551, a case stated for the opinion of the Circuit Court whose opinion it was agreed should be conclusive, an appeal was not sustained, though the law expressly gives an appeal from the decision of the Circuit Court on a case stated. And these were circumstances in the case favorable to the appeal; although it was respecting costs in the Quarter Sessions, which never could have come before that court, except in a case stated by consent. This case goes far to answer the objection to the form of this action; which, it is intended should be in the name of *William Lee* for the use of *N. B. Lee,* and I would observe, that before the reference, the party had in some measure waived this illegality, if it be one, by pleading to the merits, instead of demurring to the declaration. It is purely a technical objection.

There would seem to be something unequal and therefore unfair in admitting this exception at this time. If the report had been, for the defendant, the plaintiff could not have made it: the defendant ought not then to be permitted to go before the arbitrators on the terms of this agreement, with a secret determination to let it remain conclusive on his opponent, but of no avail against himself.

I admit that bribery or corruption would vacate an award made under any submission; so if the award was in terms which could not be enforced, &c. &c. but nothing of the kind appears here. It is not alleged even that it is unjust, every objection is to some supposed technical irregularity.

I would not advise any counsel, however, to consent that his client should refer on such terms, unless he was satisfied that in law and justice he would lose the cause, and if parties will take their cause out of court and agree that it shall be decided in a way and on terms different from those prescribed by the law, I know of no reason why they should not be bound by such an agreement as much as any other. If they take it out of court and compromise it, they are bound, unless there be some fraud or unfairness; although one of them may soon after discover that he would have gained his suit in court.

Judgment affirmed.