## Sherman et al. v. Rittenhouse et ux.

George L. Reed and Joseph W. Moyer, for plaintiffs.
Conrad A. Falvello, for defendants.

HICKS, J., December 22, 1930.—On November 3, 1930, a summons in ejectment issued out of this court, in which it is commanded that the defendants shall appear to answer a certain complaint made by the plaintiffs that they, the said defendants, have in their actual possession "Discription on statement." The writ was made returnable on the second Monday of November, 1930. According to the sheriff's return, service was made upon the defendants "by leaving a true and attested copy of the same at their dwelling house with an adult member of their family with Mrs. Frank Vanblargan. Sister of Emma Rittenhouse. On November 5, 1930."

Three exceptions were filed by the defendants to the writ and the service thereof, as follows: "1. The writ does not describe the land or any part thereof for which this action is brought. 2. The writ was made returnable within ten days after the same was issued, which is contrary to law. 3. There is no service of the writ on either of the defendants. It was served on Mrs. Frank Van Blargen, a sister of Stanley Rittenhouse. She is not a member, adult or minor, of the defendants' family and did not live with them or either of them, when the writ was served."

The first exception must be sustained. Section twelve of the Act of March 21, 1806, 4 Sm. Laws 332, 2 Purd. 1291, paragraph 1, provides that all writs of ejectment shall be in the form prescribed in the said act, and not otherwise. The said form sets out that the defendant "now hath in his actual possession a tract of land situate in........township, in the said county, containing.... acres or thereabouts, bounded by lands of E. F., G. H.," etc. Koch, P. J., in the case of Knoblauch v. Bankes, 10 D. & C. 766, holds: "The form of the writ is specifically provided for by the 12th section of the Act of March 21, 1806, . . . The land sued for must be described in the writ." Even though the lands are described in the declaration filed in this case, that is not a compliance with the act of assembly. The writ, with the return of service by the sheriff, may be introduced in evidence in the trial as *prima facie* proof of the possession of the defendants, but a reading of the writ in this case would not exhibit the lands in their possession, for reference would have to be made to another paper to gain this information. The prothonotary should have written the description into the writ, space for which is provided in it. And it is not enough for him to refer to another paper, the declaration, which might just as well not have been filed at the time of the filing of the præcipe. Not only does the writ fail to comply with the statutory requirements which provide the form of the writ, which is exclusive, but it is not good practice: Lyons v. Miller et al., 4 S. & R. 279, 280. The cases cited by the respondents, Cahill v. Benn et al., 6 Binn. 99, and Ewing v. Alcorn, 40 Pa. 492, have no application to the situation here.

The second exception cannot be sustained. The writ was issued in this case on November 3, 1930, and was returnable on November 10, 1930, being the second Monday of November; service was made on November 5, 1930. It is true that section thirty-one of the Act of June 13, 1836, P. L. 568, 578, provides that in the case of a writ of summons: "If there shall not be ten days between the issuing thereof and the first day of the term as aforesaid, the writ may be made returnable on the next day preceding the last day of such term, or upon the first day of the second term next after the issuing of the writ." Ten days did not intervene between the issuing of the writ and the first day of the term in this case. The Act of June 11, 1879, P. L. 125, section 1, provides that the several courts of common pleas are authorized to direct by rule that all writs issued for the commencement of actions may, at the election of the party suing out the same, be made returnable on the first Monday of the next term, or on the second, third or fourth Monday of any intermediate month. This court, by rule fifty, has provided that among the first return days shall be the second Monday of November, and all writs issued out of said court and all other proceedings to be returned in said court shall be returnable on the return days mentioned in the said rule. Hence, the writ in this case complies with the rule of court, having a statutory basis: 1 Troubat & Haly Practice, pp. 247, 248, 249.

The third exception cannot be sustained. It is provided by the Act of April 23, 1903, P. L. 261, that writs of ejectment shall be served as in the case

of a summons upon such of those named in the writs as may be found in the county.  One of the methods of serving a writ of summons is by handing a true and attested copy to an adult member of the defendant's family at his dwelling house.  The service in this case, according to the return of the sheriff, was made upon an adult member of the family of the defendants, being a sister of one of the defendants.  This service was good.  "If the service . . . be made on the defendant by leaving a copy 'with his sister, an adult member of his family, at his home,'" it is a proper service: 1 Troubat & Haly Practice, p. 250; Collinge v. McLenegan, 19 Dist. R. 1033.  The third exception sets out that the one upon whom service was made was not an adult member of the defendants' family and did not live with them or either of them when the writ was served, but we must accept the record as we find it, there being no depositions taken to prove the falsity of the return in this case even if the return could be contradicted.

And now, December 22, 1930, the first exception is sustained and the writ issued in this case is quashed.

From M. M. Burke, Shenandoah, Pa.