
HILL v. FIERNAN & MASLIN.

An entry by the clerk that judgment was confessed in open court—
and that the amt. was liquidated by the clerk, at a certain sum, is
not a judgment of the court, on which a recovery can be had.

ERROR from St. Louis circuit court.

Opinion delivered by WASH Judge.

This was an action of debt commenced in the circuit court by the Fiernans and Maslin against the plaintiff in error; in which the defendants in error got judgment, to reverse which, Hill has come with his writ of error to this court. The facts are all preserved on the record, from which it appears that on the 30th of October 1834, Michael Fiernan, Peter Fiernan and Michael M. Maslin, filed their declaration in the St. Louis circuit court, against William Hill and James Hill, on which a summons issued, commanding the sheriff to summons the defendants to answer Michael Fiernan, Peter Fiernan and Michael M. Maslin, of a plea that they render unto them the sum of $5000, which they owe &c. Service of the writ was on William Hill, James Hill not found. At the November term 1834, William Hill pleaded, and the plaintiffs replied. The plaintiffs then asked and obtained leave to amend their declaration, which was afterwards done, by filing four additional counts; the first of which commences thus: "Michael Fiernan, Patrick Fiernan and Michael M. Maslin, for whom by the name of Michael Fiernan, Peter Fiernan and Michael M. Maslin plaintiffs a writ issued returnable at last term, against William Hill and James Hill defendants, complain of said William Hill and James Hill of a plea that they render to the said plaintiffs, Michael and Patrick Fiernan and Michael M. Maslin, the sum of $1239,14, for that whereas the said plaintiffs heretofore to wit: on the 5th day of December 1820, in the District court of the United States, for the western district of Pennsylvania, and by the consideration and judgment of the said court, recovered against the said defendants and one John Hill, now deceased, which said defendants and said John Hill, had been at the time of this demand, suit and judgment, trading under the firm of William Hill and brothers, the sum of $1071, 63, above demanded, which in and by the said court, were then and there adjudged to the said plaintiffs, under the name and style of M. and P. Fiernan and company, of which said firm of M. and P. Fiernan and company, (above plaintiffs) were the sole partners at the time of

<span style="margin-left:2em">Statement of the case.</span>

this demand, suit and judgment, for the damages which they had sustained by reason of the non performance of certain promises &c." The declaration then proceeds in the usual form. The plaintiffs afterwards withdrew the original declaration, and all the counts of the amended declaration, except the first above set forth; to this, the defendant pleaded, 1st. *Nul tiel record.* 2nd. That Michael Fiernan, Peter Fiernan and Michael M. Maslin, were not at the time of said several recoveries &c. sole partners of the firm of M. and P. Fiernan and company. 3rd, same as 2nd, except that it alleges that plaintiffs were not sole partners &c. and 4th. *Nil debit.* The plaintiffs took issue on the first plea; demurred to the 4th, and moved the court to set aside the 2nd and 3rd pleas;— the issue on the first plea was found for the plaintiffs; the demurrer to the 4th plea was sustained, and the 2nd and 3rd pleas set aside by the court; the decision of the court setting aside the pleas was excepted to, and the bill of exceptions set out, the paper purporting to be a transcript of the record sued on; in the words and figures following:

"In the district court of the United States for the western district of Pennsylvania.

| No. 22, June term, 1820.<br>Walker.<br><br>H. M. Campbell.<br>Denny. | M. & P. Fiernan & Co. citizens of the State of Maryland.<br>v.<br>William Hill, John Hill and James Hill; trading under the firm of William Hill and brothers. | Amicable action, entered May 13, 1820. as per agreement filed. |
|---|---|---|

Defts. plead non assumpsit and payment, with leave to add or to alter;—pltf. replies non solvit, issue and rule for trial, Dec. 5, 1820. Judgment confessed in open court by defs'. attorney, Wm. Denny—sum to be liquidated by clerk.—1823, June 6th, on motion in open court, rule on plaintiffs for the payment of costs $10, 48, clk. Nov. 29, 1823, sd. atty. D. S. W. 8, 1823, March 16, sum due on this judgment liquidated by clerk at one thousand and seventy-one dollars and sixty-three cents, with interest from the 5th December 1820. E. J. Roberts clk. (copy of agreement filed in the above case on the 13th May 1820.)

41

M. & P. Fiernan and company, citizens of the State of Maryland.

v.

Wm. Hill, John Hill and James Hill; trading under the firm of Wm. Hill and brothers.

Amicable action in case in the district court of the United States, for the western district of Pennsylvania.

It is agreed that an action in the above form, be entered in the said court as of ——— term A. D. 1820, D. S. Walker, pltfs'. atto. Wm. Hill and brothers, March 15th, 1820."

The clerk of the district court of the United States, for the western district of Pennsylvania, certifies that the foregoing is a true and faithful copy of the entire record of an action on the docket of the said court, No. 22, of June term 1820,—M. and P. Fiernan and company against Wm. Hill and brothers.—The judge certifies that the certificate of the clerk, is in due form. The errors assigned are: 1st. The finding of the court upon the plea of nul tiel record. 2nd. The sustaining of the plaintiffs' demurrer to the plea of nil debit. 3rd. The striking out of the 2nd and 3rd pleas, which put the plaintiffs upon the proof of the averment in the declaration, that they were the sole partners and the persons entitled to sue as constituting the firm of M. and P. Fiernan and company.

GYER for plaintiffs in error.

The defendant insists on the following points, as establishing error in the judgment: 1. That the plaintiffs could not recover in a judgment in favor of M. & P. Fiernan and company, without avering and proving their identity as the plaintiffs in that recovery; consequently the statement that the plaintiffs were the sole partners in the firm was material. 2. The 4th and 6th pleas, are not in form or substance, pleas in abatement, but a bar, being a direct denial of a material averment in the declaration. 3rd. That although the plea of nil debit is not good to an action founded on a record, yet when the cause of action, consists partly of record, and partly of matter in issues, it is a good plea. 4th. The demurrer to the 5th plea, was improperly maintained, because the declaration is insufficient, in that, it does not shew a cause of action against the defendant, Hill. 5th. The issue on the first plea, ought to have been found for the defendant, because the copy of the docket given in evidence, is not a record of any judgment of any court; because 1st it does not appear

to be between the partners mentioned in the declaration. 2nd. The memo. of 5th Dec. 1820, is not a judgment nor any action of the court, and is at most a cognovit. 3rd. The memo. of March 6, 1833, is not a judgment, but is at most a finding by the clerk, which has no greater effect than the verdict of a jury assessing damages.

The first error assigned disposes of the cause in the view we have taken of it;—the paper offered in support of the declaration in the shape in which it is presented to this court, cannot be taken as the record of any judgment of any court; at most it amounts to nothing more than a finding by the clerk, and that finding does not appear to be, or to have been between the parties mentioned in the declaration; for this error then, the judgment of the circuit court must be reversed with costs.

Opinion of the court. An entry by the clerk that judgment was confessed in open court —and that the amt. was liquidated by the clerk, at a certain sum, is not a judgment of the court, on which a recovery can be had.