## WILMERDING v. UNITED STATES.

(Circuit Court, S. D. New York. December 12, 1904.)

### No. 3,721.

CUSTOMS DUTIES—ENTERED VALUE—CORRECTION—CLERICAL ERROR.

Certain importers inadvertently entered a shipment of goods on the basis of an invoice which, through clerical error, failed to specify certain charges as nondutiable. Their inclusion in the entered value indicated a price for the goods which rendered them subject to a higher duty than that which would have been applicable had they been entered at their true value. The error was not brought to the importers' attention until, after liquidation, demand was made for the increased duties that had been assessed on account of the error, whereupon they sought permission to correct the error. *Held*, that this should have been allowed.

On Application for Review of a Decision of the Board of United States General Appraisers.

Note Gillespie v. U. S. (C. C.) 124 Fed. 106; Lawder v. Stone (C. C.) 125 Fed. 809; and In re Crooks, G. A. 5,877, T. D. 25,890.

The decision of the Board of General Appraisers overruled the protest of Wilmerding, Morris & Mitchell against the assessment of duty by the collector of customs at the port of New York. The importers, in their protest, demanded relief from the assessment of increased duties, alleged to be due to a clerical error in making out an invoice covering certain matting. It appeared that the invoice on which entry was made failed to specify various nondutiable charges as being included in the invoice price. As to some of the items on the invoice it made no difference in the rate of duty whether these charges were deducted or not; but on other items the inclusion of the charges was sufficient to bring the value of the merchandise above the dividing line of 10 cents per square yard, established in paragraph 333, Tariff Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 180 [U. S. Comp. St. 1901, p. 1662], under which the matting was dutiable. A duty of 7 cents per square yard and 25 per cent. ad valorem was thereby incurred, instead of 3 cents per square yard, the rate on matting valued at less than 10 cents per square yard, which would have been applicable had the invoice been correctly made out, and which was the rate on the basis of which entry was made originally. On incomplete evidence the Board of General Appraisers held that the importers had not made out a case showing them to be entitled to the relief sought, and affirmed the assessment of duty. In the circuit court the importers introduced much additional evidence, showing that it was not intended to include said nondutiable charges in the value of the merchandise; that the failure to specify them separately in the invoice was due to an inadvertence; that the matting was of a standard variety largely imported, on which it was usual to pay a duty of 3 cents per square yard; that its value in this market precluded the idea of a higher duty; that the fact that the terms of the invoice demanded the imposition of the higher rate, instead of the rate of 3 cents per square yard stated in the entry, was not noticed either by the manager of the matting department of the importers' establishment or by the custom house broker, nor by the entry clerk either in the office of the collector or in the naval office, who should have rejected the entry as stating the wrong rate, nor by the appraiser's office, nor by the liquidating clerk of the collector, and was not observed until the entry reached the liquidator of the naval office. The higher duty was thereupon adopted by the liquidating clerk in the custom house, and agreed to by the naval office, and the entry thus was liquidated on the basis of the same figures as had been before all the persons mentioned; and the importers were notified to pay the balance found due, which was the first time the error was brought to their attention. It was shown further that the error was due (1) to an inadvertent omission of the items of charges from the invoice, and (2) to the fact that at the time of entry neither the manager, broker, entry clerks, nor appraiser observed that certain lines of the invoice, without deducting the charges above mentioned, would, on their

face, call for the higher duty; that these people were misled by dividing the total value of the invoice by the total number of yards on the invoice, which gave a result of less than 10 cents per square yard, whereas a division line by line for each item of the invoice would have shown the error of omission. Had this been discovered, the importers could have adjusted the matter by entering on a pro forma invoice and giving a bond for the production of a correct consular invoice, which it was proven was precisely what was done with regard to a later similar invoice, as to which the error was discovered before completion of the entry. It appeared also that the charges in question were in fact nondutiable, and that full market value would be represented by the balance left after their deduction.

Everit Brown, for the importers.
Henry A. Wise, Asst. U. S. Atty.

PLATT, District Judge. The decision of the Board of General Appraisers is reversed.