## UNITED STATES v. INDEPENDENT IMPORTING CO.

(Circuit Court, S. D. New York. May 22, 1908.)

### No. 4,975.

CUSTOMS DUTIES (§ 77*)—APPRAISEMENT—NOTICE OF ADVANCE.

Customs officers sent to the address given by the importer in his entry a notice of an advance on the invoice value as made by the appraiser. *Held*, that due diligence had been shown in this regard, and that the importer could not object to the assessment of duty on the basis of the advance, on the ground that he had not received the notice by reason of an error in the address.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 77.*]

For decision below, see G. A. 6,621 (T. D. 28,250), in which the Board of General Appraisers reversed the assessment of duty by the collector of customs at the port of New York.

J. Osgood Nichols, Asst. U. S. Atty.

Edward Fillmore, for importers.

PLATT, District Judge. In this case the appraiser made certain additions to the invoice value of the merchandise, and the collector assessed additional duty. The importer protested, claiming that no notice of this advance was received. It appears from the record that such notice was deposited for mailing in a duly franked envelope addressed to the Independent Importing Company, at 335 Broadway, New York. The Board of General Appraisers sustained the protest of the importer, from which decision the government appeals to this court. Since the board's decision, additional testimony has been taken in this court in behalf of the government.

While Mr. Kopstein, a member of the importing firm, states that he did not make the entry of this merchandise, never authorized the entry to be made, and did not receive the notice of the advance made by the appraiser, it appears that he ordered the said merchandise from a Mr. Horwitz. The sworn declaration of owner, attached to the entry herein, states that Mr. Horwitz is the owner of the goods, and that he is also a member of the firm of the Independent Importing Company. Witness Graham testifies that the firm by which he is employed, Henry Bischoff & Co., customhouse brokers, was duly authorized by the importers to make the entry in this case, and produced a letter purporting to be such authority. This letter is as follows:

"Telephone Connection.

"Corner Longfellow Avenue and 172d Street.

"New York, October 27, 1906.

"Gentlemen: By advice of Mr. A. Horwitz we inclose you herewith b/L for cases of pasteboard cigar cases and would ask you to get these for us as soon as possible.

"For any further information call up M. A. Horwitz and greatly oblige.

"Respectfully yours,        Independent Importing Company.

"Messrs. Bischoff & Co."

This witness also produced the envelope in which the above letter was received. He also states that his firm made the entry of this

merchandise, that it received certain papers and notices from Mr. Horwitz in connection therewith, and that the latter also furnished the address 335 Broadway.

It is evident from the whole case the importers must have understood the situation. The address, 335 Broadway, appearing upon the entry following the signature of the "Independent Importing Company," it was proper that any official notice should be forwarded to that address. From the fact that Mr. Horwitz signed the owner's declaration, as well as signed the entry, taken in connection with the letter of authorization above quoted, in which he (Horwitz) is mentioned, it appears that the government officials exercised due diligence in the matter of sending the notice of the advance by the appraiser.

The decision of the Board of General Appraisers is reversed.