STUBBS *v.* UNITED STATES (No. 1765).[1]

1. LIQUIDATION PENDING APPEAL.

The collector has no power to liquidate pending appeal to reappraisement.

2. CONSTRUCTION, SECTION 21, CHAPTER 24, ACT OF JUNE 22, 1874.

A liquidation by the collector pending appeal to reappraisement is not voidable merely, but void. Such action does not constitute a "settlement of duties" within the purview of section 21, chapter 24, act of June 22, 1874, which provides that a settlement of duties shall be final a year after entry in the absence of fraud and in the absence of protest.

[1] Reported in T. D. 36967 (32 Treas. Dec., 97).

3. PLEADING—PROTEST—ERROR UNASSIGNED.

The alleged absence of samples of the merchandise at the time of reappraisement thereof by the board of three general appraisers may not be urged before this court when the point is not raised by the protest.

4. STIPULATION OF PARTIES.

The alleged absence of samples of the merchandise at the time of reappraisement thereof by the board of three general appraisers may not be urged before this court when an examination of samples by the board was expressly waived by a stipulation of the parties, duly entered of record.

United States Court of Customs Appeals, January 16, 1917.

APPEAL from Board of United States General Appraisers, G. A. 7949 (T. D. 36610).

[Affirmed.]

*Allan R. Brown* for appellant.
*Bert Hanson*, Assistant Attorney General, for the United States.

[Oral argument Dec. 13, 1916, by Mr. Brown and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, *Judges*.

MARTIN, Judge, delivered the opinion of the court:

The merchandise in this case is certain machinery which was entered for ad valorem duty at the port of New York on March 17, 1913.

On March 25, 1913, the local appraiser appraised the importations at their entered value. On May 22, 1913, the collector duly appealed to reappraisement. On September 24, 1913, while the appeal was still pending, the collector, apparently unmindful of the pendency of the appeal, liquidated the entry upon the basis of the appraisement from which he had already taken his appeal. There was no protest filed against this liquidation, nor is there any suggestion of fraud in the case.

On December 17, 1913, in the reappraisement proceedings, the value of the merchandise as found by the local appraiser was advanced by the single general appraiser, and on December 19, 1913, the importer in turn appealed to a re-reappraisement. On January 5, 1914, the reappraising board found a value greater than the entered value of the merchandise, and on June 15, 1914, the collector liquidated the entry upon the value thus finally declared. It thus appears that the collector twice undertook to liquidate the entry in question, first on September 24, 1913, while the appeal to reappraisement was still pending, and second on June 15, 1914, after the reappraisement proceedings were completed.

The importer protested against the latter liquidation upon the claim that the first liquidation had become final and conclusive upon all parties prior to the date of the second liquidation, by reason of the fact that one year had elapsed after the date of the entry and before that of the latter liquidation, there being no fraud and no

protest. The importer based this claim upon section 21, chapter 24, act of June 22, 1874, which reads as follows:

That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties.

The Government meets this contention with the claim that the so-called liquidation first attempted by the collector was null and void, for the alleged reason that a collector possesses no power or authority to liquidate an entry while an appeal to reappraisement is pending. The Government, therefore, claims that the first action taken by the collector did not constitute a "settlement of duties" within the purview of the foregoing statute, and that the second action of the collector was in legal contemplation an original liquidation of the entry, and not a reliquidation within the limitation aforesaid.

This issue was submitted to the Board of General Appraisers, who overruled the protest. The importer now appeals.

The decisive question in the case, therefore, is whether the action of the collector in undertaking to liquidate the entry on September 24, 1913, while the appeal to reappraisement was pending, was absolutely null and void. If so, the liquidation of June 15, 1914, would be an original liquidation of the entry in legal contemplation and as such would not be inhibited by the statute of limitations above quoted.

A similar question came before the board in the Abe Stein Co. case, G. A. 5058 (T. D. 23453), decided January 3, 1902. It was held by the board in that case that the attempted liquidation of an entry by the collector while an appeal to reappraisement was pending was "contrary to the statute and wholly void." General Appraiser Somerville, speaking for the board, said:

From the facts above set out, it is seen that the so-called liquidation was made while an appeal for reappraisement was pending before the board of review, and while the question of the proper dutiable value of the merchandise was still unsettled. Under such circumstances, we are of opinion that it was error on the part of the collector to attempt to make a liquidation, and that his action was void. This necessarily results from the provisions and general purpose of section 13. The conclusion is irresistible that the evident intention of Congress was that the various demands for reappraisement, expressly allowed by that statute, were intended to operate after the manner of a supersedeas or stay of proceedings. Such matters are usually the subject of special statutory regulations or rules of court, by which some provision is made for the suspension of the power of the lower court until the decision of the appellate tribunal can be obtained. Some such arrangement is obviously necessary to prevent the possible defeat of the jurisdiction of the higher court. Goddard *v.* Ordway (94 U. S., 672). Nothing of the kind exists relative to the procedure of this board, except so far as pre-

scribed by the customs administrative act; but not only is it reasonable to assume that such a suspension of action was intended by the framers of that act, but it is not too much to assert that any other rule would be productive of great embarrassment and confusion.

A different question might be presented if the liquidation had been made by the collector before the notice of dissatisfaction, or demand for reappraisement, had been filed with him. Board of Commissioners v. Gorman (19 Wall., 651). But as to this we express no opinion. We are entirely clear that the attempted exercise of the power of liquidation while the subject matter of the value of the importation was under the jurisdiction of the reappraisement board was contrary to the statute and wholly void.

The foregoing decision of the board upon this question was immediately accepted as final by the Treasury Department. In T. D. 23723, in a letter issued on May 14, 1902, the department instructed the customs service at St. Louis as follows:

> Your action in liquidating the entry while reappraisement proceedings were pending is void (T. D. 23453, January 3, 1902), and you will, therefore, cancel your original liquidation of the entry and liquidate it to accord with the return of the general appraisers.

The subject was also covered by article 1068, Customs Regulations of 1908, which reads as follows:

> Art. 1068. *Liquidation pending reappraisement—Additional duty.*—Liquidations are void when made pending an appeal to reappraisement. In such cases liquidation should be suspended until the conclusion of reappraisement proceedings, when the liquidation should accord with the value returned by the general appraisers.

In the American Express Co. case, G. A. 7512 (T. D. 33962), decided by the board on December 5, 1913, it was again held by the board that an attempted liquidation of an entry by the collector during the pendency of an appeal to reappraisement was null and void, the decision concluding as follows:

> From the conclusion which we reach the entry in this case was liquidated while an application for reappraisement was pending. It was therefore an illegal liquidation. The protest is sustained, the liquidation by the collector is set aside as null and void, and the collector is directed to transmit all of the papers to the Board of General Appraisers for reappraisement.

The foregoing case was appealed to this court, United States v. American Express Co. (5 Ct. Cust. Appls., 351; T. D. 34550), and the decision of the board was affirmed. The immediate contention of the importer in the present case may not have been presented in the case just cited. Nevertheless the decision reached in the case negatives the importer's claim, for the board held that the attempted liquidation of the entry by the collector pending an appeal to reappraisement was null and void, and that the collector was in duty bound to await the final reappraisement of the merchandise upon appeal, and thereafter to liquidate the entry upon the basis of that appraisement. In effect, therefore, it was held that the attempted liquidation pending the appeal to reappraisement did not become final and conclusive upon all parties, in the absence of fraud or of

protest, after the expiration of one year from the date of the entry, and did not bar a subsequent liquidation of the entry based upon an appraisement found in the reappraisement proceedings.

We are convinced that the foregoing decisions correctly state the law upon the present issue. The collector, of course, possesses only such powers as are conferred upon him by statute. And while it is true that the statute does not in terms prohibit the collector from liquidating an entry while an appeal to reappraisement is pending, such a prohibition is necessarily implied by its general provisions and intendment. In the first place it is plainly impossible for the collector to liquidate or settle the duty accruing upon ad valorem merchandise unless the dutiable value thereof be known to him. The statute therefore provides a *modus operandi* for the purpose of ascertaining and declaring the dutiable value of merchandise in such cases. It is first provided that the local appraiser shall appraise the merchandise, and that this appraisement shall be final in the absence of an appeal. It is provided furthermore that such an appraisement may be vacated by an appeal, and an appraisement *de novo* be had by a single general appraiser, or upon a second appeal by an appraising board of three general appraisers. The collector himself is not an appraising officer but is bound by the appraisements of the local appraiser, the single general appraiser, or the reappraising board, as the case may be. During the pendency of an appeal to reappraisement the dutiable value of the importations can not be known to the collector, and in the language of Judge Somerville, *supra,* "the conclusion is irresistible that the evident intention of Congress was that the various demands for reappraisement, expressly allowed by that statute, were intended to operate after the manner of a supersedeas or stay of proceedings." To hold otherwise would be to say that the collector might oust the appellate appraisers in any given case by the simple process of liquidating the entry notwithstanding the pendency of the appeal.

It is contended, however, by the importer that the collector's action in such a case would constitute an actual liquidation of the entry in question even though it might be irregular or erroneous, and that such a liquidation would be voidable only, and not absolutely null and void. The importer claims that even an erroneous liquidation would be sufficient to bring the case within the foregoing limitation.

We think, however, that the attempted liquidation in question was not simply voidable but that it was absolutely null and void. That is to say, the collector possessed no statutory power or authority at the time to make any liquidation or settlement of the duties accruing upon the merchandise in question. He was not merely inhibited from making a given kind of settlement at the time, but from making at that time any settlement at all. If the infirmity in the collector's

action related only to the terms of the liquidation, such as the classification of the merchandise or the rate of duty applied thereto, such action would not be a mere nullity, however erroneous it might be. But in the present case when the collector undertook to liquidate the entry during the pendency of the appeal to reappraisement, his action was not simply a mistaken exercise of his official authority, but was an assumption of certain authority which the statute had wholly denied him under the circumstances. His action was consequently void, and neither the importer nor the Government was bound thereby.

We therefore find that the liquidation of June 15, 1914, was in contemplation of law the original liquidation of the entry in the present case, and was not barred by the limitation set out in the protest.

Our attention has been called to the case of Beard v. Porter (124 U. S., 437), but we do not find it inconsistent with the foregoing conclusion.

A reference has been made in the argument to the alleged absence of samples of the merchandise at the time of the reappraisement thereof by the board of three general appraisers. We do not, however, find this to be important in the present case, first because the point was not raised by the protest, and second because an examination of samples by the board was expressly waived by a stipulation of the parties, duly entered of record. Gallagher & Ascher v. United States (4 Ct. Cust. Appls., 308; T. D. 33518).

The decision of the board is therefore *affirmed.*