PEABODY & Co. v. UNITED STATES (No. 2327).[1]

1. CONSTRUCTION, SECTION 501, TARIFF ACT OF 1922—NOTICE OF APPRAISEMENT.

The provision of section 501, tariff act of 1922, for a written notice of appraisement is mandatory, and compliance therewith is essential to the legality of the appraisement.

---

[1] T. D. 40491.

2. CONSTRUCTION, RULE XXXVI, BOARD OF UNITED STATES GENERAL AP-PRAISERS—"DATE OF FINAL APPRAISEMENT."

Rule XXXVI of the Board of United States General Appraisers provides that a petition under section 489, tariff act of 1922, for remission of additional duty, shall be filed "within 60 days from the date of final appraisement." Since appraisement is not conclusive ·upon the importer until the giving of notice, such 60 days must run from the notice and not from the action of the appraiser.

United States Court of Customs Appeals, November 4, 1924

APPEAL from Board of United States General Appraisers, G. A. 8688 (T. D. 39814)

[Reversed.]

*B. A. Levett* for appellants.

*William W. Hoppin,* Assistant Attorney General (*Oscar Igstaedter,* special attorney, of counsel), for the United States.

[Oral argument October 22, 1924, by Mr. Levett and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court.

This is an appeal from the judgment of the Board of General Appraisers, dismissing the petition of the appellants for remission of additional duties filed under section 489 of the tariff act of 1922, and involves the construction of section 501, and section 489, and the rules adopted and promulgated by the Board of General Appraisers in pursuance to the provisions thereof.

Section 489 of the tariff act of 1922, in so far as the same is pertinent to the issues in this case, reads as follows:

SEC. 489. * * * Such additional duties shall not be construed to be penal and shall not be remitted nor payment thereof in any way avoided, except in the case of a manifest clerical error, upon the order of the Secretary of the Treasury, or in any case upon the finding of the Board of General Appraisers, upon a petition filed and supported by satisfactory evidence under such rules as the board may prescribe, that the entry of the merchandise at a less value than that returned upon final appraisement was without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. * * *

It appears from the record in the case that the Board of General Appraisers in pursuance to the provisions of section 489, supra, established certain rules of practice and procedure, and incorporated the same in Rule XXXVI, adopted by the board, which reads as follows:

RULE XXXVI. Petitions made by importers for remission of additional duties accruing under the provisions of section 489 of the tariff act of 1922 shall be in writing and duly verified by the petitioner, or if the petitioner be a partnership or corporation by a member thereof, by anyone knowing the facts. Every such petition shall be addressed to the Board of General Appraisers and filed in the office of the chief clerk thereof within 60 days from the date of final appraisement. It shall set forth in concise form the facts desired to be proved at the

hearing on said petition. A copy thereof shall also be filed with the collector of the port where the case arose, and the collector shall immediately upon receipt of such copy forward the entry and all other papers connected therewith to the board.

Upon the filing of such petition, if the final appraisement was made by a general appraiser or a board of three general appraisers, it shall be assigned by the president to a reappraising board of three, of which the general appraiser, who made the final appraisement of the merchandise, is not a member, or to a board of three, other than the board making such final appraisement.

Notice of the filing of any such petition, together with a copy thereof, shall be served upon the Assistant Attorney General in charge of customs litigation at the port of New York within five days after such filing.

The merchandise was appraised November 28, 1922.

The appraised value, as returned by the appraiser exceeded the entered value, and, as neither the collector nor the importers appealed to reappraisement, the appraised value of the merchandise, as returned by the appraiser, was final and conclusive upon all parties.

The petition, for remission of the additional duties required to be levied on such merchandise, was filed February 8, 1923, more than 60 days after the appraisement.

The importer received a proper written notice dated January 9, 1923, of the appraisement in accordance with section 501 of the act of 1922, providing for appeals to reappraisement.

The Board of General Appraisers dismissed the petition for the reason that it was not filed within 60 days from the date of the final appraisement.

The importers contend that the decision of the appraiser does not become final until 10 days have elapsed after the date of the written notice provided for in section 501, supra, and that, the petition for remission of the additional duties having been filed within 60 days from the date of the written notice, consequently was filed within the rule. That, if their contention in regard to the time the appraisement becomes final and conclusive is untenable, then the rule of the Board of General Appraisers requiring such a petition to be filed within 60 days from the date of a final appraisement, is an unreasonable one, and the judgment of the Board of General Appraisers should be reversed.

The Government contends that the decision of the appraiser is final and conclusive, when not appealed from, as of the date of the return of the appraiser.

The case of •The Lace House v. United States, (141 Fed. 869; T. D. 26970) is cited by the importers as authority for their contention that the decision of the appraiser does not become final until 10 days after the date of the written notice of the appraisement, and in case no appeal is filed for a reappraisement of the merchandise, such decision becomes the final appraisement, as of such date.

As we understand the decision in that case, the court held that there had not been any valid appraisement, for the reason that there had been no written appraisement and no proper and legal notice given thereof as provided by law. The language of the court is as follows:

\* \* \* Where the appraisement is not made in writing, and no notice of it is given to the consignee, who is the claimant, the claimant being thereby deprived of the right to demand reappraisement, it seems to us that the intention of the statutes would be defeated should we hold that such appraisement was valid and a proper basis for the forfeiture and condemnation of the goods. \* \* \*

In the case under consideration, there was a valid final appraisement and the first question for this court to determine is, what is the date of such final appraisement.

Section 501 of the tariff act of 1922 reads in part as follows:

SEC. 501. The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the Board of General Appraisers by the collector within sixty days after the date of the appraiser's report, or filed by the consignee, or his agent, with the collector within ten days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. \* \* \*

Article 585, Customs Regulations, 1915, reads as follows:

ART. 585. The collector at the headquarters port, or the deputy collector in charge at any port of entry, shall immediately give the importer notice on Customs Form 4301, of any advance in value made by the appraiser. \* \* \*

Section 501, supra, provides for a written notice of appraisement to be delivered to, or mailed to, the consignee or his agent.

If the statute is not complied with in regard to notice of appraisement, could it be said that there had been a legal appraisement, one that could become final and conclusive against the consignee or his agent? We think not.

The statutory provision for notice to the consignee, or his agent, is mandatory, and compliance therewith is essential to the legality of the appraisement.—The Lace House *v.* United States (141 Fed. 869; T. D. 26970).

In United States *v.* Independent Importing Co. (165 Fed. 63) the court reversed the judgment of the Board of General Appraisers in T. D. 28250 (G. A. 6621), but the statement of the law announced by the board, that absence of the required notice to the consignee or his agent of an appraisement invalidates the same, was not criticized; but the court held that proper notice had been given.

That the appraisement is not conclusive against the importer unless the required notice thereof is given, has been many times held by the Board of General Appraisers.—T. D. 26391 (139 Fed. 1004); T. D. 27671 (G. A. 6465); T. D. 27715 (G. A. 6478); T. D. 28250 (G. A. 6621); T. D. 30336 (G. A. 6978).

It is true that the actual decision of the appraiser was made when he filed his report with the collector. It was an appraisement in fact, but the statute requires something more than the actual appraisal of the merchandise and the filing of a report thereof with the collector. Notice in writing thereof must be delivered to or mailed to the consignee, or his agent, before such appraisement becomes a legal appraisement.

It seems clear that the importer could not be required to file a petition for remission of additional duties until it had been legally determined that the Government was entitled to the same.

Until the statute is complied with there is nothing upon which to predicate an assessment of additional duties, no decision from which the importer need appeal, and consequently he is in need of no relief for which to petition the Board of General Appraisers.

If the appraisement does not become a legal one, *unless* the provisions of the statute pertaining to notice are complied with, it could not be considered a legal appraisement *until* such provisions of the statute are complied with.

Accordingly, when the provisions of the law have been complied with by the officers of the Government charged with the duty and responsibility of carrying out such provisions, a legal and valid appraisement has been made, and as of that date. If no appeal from such legal appraisement is filed, it is final and conclusive upon all parties.

The rule adopted by the Board of General Appraisers provides that a petition for a remission shall be filed within 60 days from the date of final appraisement.

The notice of appraisement was dated January 9, 1923. No question of its validity has been raised.

We accordingly hold that the date of the legal appraisement was January 9, 1923, and as no appeal was filed, such legal appraisement became final and conclusive upon the consignee or his agent as of that date.

The petition for remission was filed on February 8, 1923. It was filed within sixty days from the date of final appraisement and consequently within the time provided by the rule of the Board of General Appraisers.

It is unnecessary to a proper disposition of the case to consider other issues raised in the record.

The judgment of the Board of General Appraisers is reversed and the cause is remanded for proceedings not inconsistent with the views herein expressed. *Reversed.*