GALLAGHER & ASCHER *v.* UNITED STATES (No. 3613)[1]

United States Court of Customs and Patent Appeals, December 23, 1933

*James W. Bevans* for appellant.

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

[Oral argument October 4, 1933, by Mr. Bevans and Mr. Lawrence]

GARRETT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court dismissing as untimely the protest of appellant (which seems, from the record, to be a corporation) against what appellant claims to have been an illegal or void liquidation by the Collector of Customs at the port of New York of an entry of merchandise consisting of

[1] T.D. 46832.

gray cotton typewriter cloth which arrived at the port on December 7, 1927, and was subject to the Tariff Act of 1922.

The essential facts are as follows:

Consumption entry, No. 820881, was filed by the importer on December 8, 1927, the day following the arrival of the merchandise at port. The local appraiser appraised it at the entered value and on February 23, 1928, the collector liquidated upon the basis of such appraised value.

It is conceded that no notice of appraisement was actually delivered personally, or mailed to the consignee or to the agent or attorney of the consignee, prior to the act of liquidation, as is claimed by appellant to be mandatorially required by the provisions of section 501 of the Tariff Act of 1922.

On July 7, 1928, some four and a half months after the date of the act of liquidation, attorneys for appellant addressed a letter to the Collector of Customs in which it was said:

Referring to entry no. 820881, S/S *Baltic*, December 7, 1927, liquidated February 23, 1928, we wish to inform you that there was a clerical error made at the time of entry, now drawn to our attention, making the entered value of the merchandise higher than the correct market value. The appraisement was consequently in error.

We, therefore, ask you to issue a notice of appraisement, as the law requires.

Under date of August 7, 1928, the collector replied to the foregoing letter, saying:

Referring to your letter of the 7th ultimo, requesting that a notice be issued to the importers, Messrs. Gallagher & Ascher, of the appraisement of the importation which arrived December 7, 1927, ex S/S *Baltic*, and is covered by consumption entry no. 820881, filed December 8, 1927, in their name, I have to state that said entry was liquidated on February 23, 1928, and this office therefore declines to issue the notice requested.

Following this the attorneys addressed a protest to the collector, which protest bears date of August 17, 1928, but is marked "Received Aug. 20, 1928."

The protest reads:

We are in receipt of your letter of the 7th inst. (5d. NB) in which you decline to issue a notice of appraisement as required under article.501 of the Tariff Act of 1922, in the matter of entry no. 820881, December 8, 1927, covering an importation of gray cotton typewriter cloth imported by Gallagher & Ascher, Inc., and hereby protest against such refusal and also against your liquidation of the entry on February 25, 1928, before the notice of appraisement, as required by article 501 of the Tariff Act of 1922.

We, therefore, ask that you cancel this liquidation as being premature and forward us the notice of appraisement required by the statute cited, within the time limited by section 515 within which you may, where a protest is filed, take such action.

If, however, you adhere to your position, we request that the protest be forwarded to the United States Customs Court, as provided for in section 515.

It is to be observed that the date of reception of the protest was more than 60 days after the act of liquidation which is challenged— to be exact it was 6 months, lacking 3 days, thereafter—but that it was less than 60 days after date of the refusal by the collector to issue the notice of appraisement requested on behalf of appellant.

The portion of section 501 of the Tariff Act of 1922 necessary to be here quoted, reads:

The decision of the appraiser shall be final and conclusive upon all parties unless a written appeal for reappraisement is filed with or mailed to the Board of General Appraisers by the collector within sixty days after the date of the appraiser's report, or filed by the consignee, or his agent, with the collector within ten days *after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.* (Italics ours.)

Appellant, citing the cases of *Stubbs* v. *United States*, 7 Ct. Cust. Appls. 399, T.D. 36967; *Peabody* v. *United States*, 12 Ct. Cust. Appls. 354, T.D. 40491, and *United States* v. *Tampa Box Co.*, 15 Ct. Cust. Appls. 360, T.D. 42561, contends that the provision of section 501 above italicized makes mandatory the personal delivery or mailing of written notice of appraisement to a "consignee, his agent, or his attorney" in all appraisement cases; that until this is done the appraisement does not become final; that in law there was, in this case, no legal appraisement, because such notice was lacking, and hence the collector had no final valid appraisement upon which to base liquidation, under section 504 of the Tariff Act of 1922, in consequence of which the liquidation here involved was and is null and void and of no force and effect.

It is, therefore, contended that it was not incumbent upon appellant to file protest within 60 days after date of the act so claimed to be void, and that the protest at issue was timely.

The principal contention of the Government is that the protest was not timely; that the provision of section 514 of the Tariff Act of 1922, requiring the filing of protest within 60 days from liquidation is mandatory even to raising a question of that liquidation's validity or legality, and that the courts are "without jurisdiction to consider either the legality of the liquidation or the classification of the merchandise." It is said in the Government brief:

Assuming without admitting that the collector failed to properly interpret the law, as provided in the Tariff Act of 1922, his liquidation would, nevertheless, be valid unless challenged in accordance with the law. The protest, even were it timely, would have to be against the liquidation in order to be valid.

In a subsequent part of the brief, however, the argument is made that in cases such as this, where the entered value was accepted as the appraised value, and where no timely protest was filed against the collector's liquidation, section 501, *supra*, does not mandatorily require the mailing of written notice of appraisement.

Only two judges of the court below seem to have participated in the trial and determination of this case—Judges Evans and Cline— and, while they agreed in the conclusion that the protest was untimely, there were some details discussed concerning which they did not fully agree. Such disagreement, however, had no effect upon the final judgment from which this appeal was taken. There was no express holding by either judge upon the mandatory issue, but both opinions seem to proceed upon the theory that the statute is generally mandatory.

It seems proper at this point to direct attention to the fact that the case of *Spiegel Bros.* v. *United States* (No. 3599), decided concurrently herewith, 21 C.C.P.A. (Customs) 310, T.D. 46831, has certain elements which are analogous to certain of the elements of this case. That case was decided by the same judges of the court below who decided this case, and the issue being in part the same, the two cases were argued together at the hearing before us.

As we view the matter, there is no necessity of our here passing upon the question of whether the mailing or personal delivery of notice of appraisement is made mandatory by the language of section 501, *supra*, in cases such as this, where the entered value is actually accepted as the appraised value.

In the *Tampa Box Co.* case, *supra*, there had been an advance over the entered value of at least a part of the merchandise and no question as to the timeliness of the protest was there involved. The *Peabody* case, *supra*, was one involving a petition for remission of additional duty, assessed under the provision of section 489 of the Tariff Act of 1922, and did not involve a protest. In both of those cases there had been an advance over the entered value, and this court held that in such cases the giving of notice was mandatory, but no case has been cited in which any court has held the notice mandatory in cases such as that at bar.

The *Stubbs* case, *supra*, is not regarded as being, in any wise, controlling here, and the same is true of *McKesson & Robbins* v. *United States*, 11 Ct. Cust. Appls. 459, T.D. 39534, and of *Lawrence Groom & Co.* v. *United States*, T.D. 46559, the latter being decided by the United States Customs Court July 24, 1933, which two latter cases were cited by appellant during oral argument.

Section 501, *supra*, relates wholly to appraisement proceedings, while the proceedings in protest cases are governed by section 514 of the Tariff Act of 1922, the pertinent portions of which read:

SEC. 514. PROTEST.—All decisions of the collector, including *the legality* of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and * * * his decisions excluding any merchandise from entry or delivery, * * * and his liquidation of any entry, or * * * refusal to reliquidate any entry for a clerical error * * * *shall be final and conclusive upon all persons,* unless the importer, consignee, or agent of the person paying

such charge or exaction, * * * shall, within sixty days after, but not before such liquidation or decision, * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto * * *. (Italics ours.)

It is obvious, we think, that the gist of appellant's protest is the alleged illegality of the liquidation in February, 1928. True, the protest mentions two elements, viz, (1) the refusal to comply with the request contained in appellant's letter of July 7, 1928, *supra*, and (2) the liquidation, but the first element is subsidiary to the second and is pertinent only as related thereto. The liquidation had occurred more than four months before appellant's letter to the collector. The letter itself does not purport to be a protest. The liquidation was not therein challenged, but a clerical error was alleged which it was claimed rendered the appraisement erroneous. There was, however, no intimation given of any intention to seek a refund on account of such clerical error, and the protest before us is not based upon the collector's refusal to reliquidate on account of clerical error.

Section 514 of the Tariff Act of 1922, *supra*, fixes a time limit of 60 days within which even the legality of a liquidation by the collector must be protested, and provides that, if not protested within such time, such liquidation "shall be final and conclusive upon all persons."

It appears, therefore, that even at the time of appellant's letter of July 7, 1928, *supra*, the time for protesting legality of the liquidation had long elapsed, and it would be anomalous to hold that by protesting the collector's refusal to comply with the request made in the letter, the right to protest the liquidation itself was revived.

It is not amiss to point out that as stated, in effect, in the opinion of Judge Evans below, appellant had at least constructive notice of the liquidation on the day of its completion by reason of article 741 of Customs Regulations of 1923, paragraph (*g*) of which reads:

(*g*) When the liquidation is completed, the entry must be stamped with the word "Liquidated," and the date of stamping. This stamp is the legal evidence of liquidation, and on the same day a bulletin notice thereof, on Customs Form 4333, must be posted in a conspicuous place in the customhouse for the information of importers.

It was held in the case of *United States* v. *Wyman*, 156 Fed. 97, that the importer is "bound to take notice of the liquidation bulletin sheet posted for inspection by importers." The validity of this regulation is not under challenge here, and no claim is made that appellant did not have notice of the *liquidation* now complained of.

It may be further added that in not mailing or delivering notice of *appraisement* to the importers in this case, the collector acted in accordance with instructions issued by the Treasury Department, embraced in a general letter of July 29, 1924, which is printed in full in the record, but which we do not find published in TREASURY DECISIONS.

It is insisted by appellant that these instructions were illegal and invalid. It is our view that even if this contention be conceded, the time within which the question might have been raised by protest in this case had elapsed long before the protest was, in fact, filed. Hence that issue was not seasonably raised.

The judgment of the United States Customs Court is *affirmed*.