(C.D. 4268)

FIRST AMERICAN ARTIFICIAL FLOWERS, INC. *v.* UNITED STATES

United States Customs Court, First Division

(Decided September 16, 1971)

*Barnes, Richardson & Colburn* (*James S. O'Kelly* and *Joseph Schwartz* of counsel) for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Andrew P. Vance* and *Mollie Strum* trial attorneys), for the defendant.

Before WATSON, MALETZ, and RE, Judges

WATSON, Judge: This protest places in issue the legality of the liquidation of an entry by the regional commissioner of customs, which liquidation took place thirteen days after appraisement.

The record herein consists of the invoice and entry papers and other documents comprising the official papers. These papers reveal that the importation consists of artificial flowers, trees, foliage, fruits and similar articles, which were classified pursuant to item 748.20 of the Tariff Schedules of the United States at the rate of 28 per centum ad valorem. The importation was entered on January 13, 1967. It was appraised on January 27, 1967 and liquidated on February 9, 1967. Plaintiff filed its protest on December 3, 1968.

The protest sets forth a claim that the merchandise is properly dutiable at the rate of 17 per centum ad valorem pursuant to item 774.60 of the TSUS as other articles not specially provided for, of rubber or plastics. The protest also sets forth the claim that the liquidation of the entry was null and void due to the fact that it was liquidated prior to the expiration of 60 days after appraisement.

Defendant argues that plaintiff's protest herein is untimely inasmuch as it was filed more than 60 days after the date of liquidation. The central issue in this case is, therefore, the question of the timeliness of the protest. The resolution of this issue depends on the correctness of plaintiff's arguments regarding the illegality of the liquidation.

The relevant statutory provisions are as follows:

Section 501, Tariff Act of 1930, as amended (19 U.S.C. 1501) :

> (a) * * * The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney.

Section 503, Tariff Act of 1930, as amended (19 U.S.C. 1503) :

> (a) Except as provided in section 1562 of this title (relating to withdrawal from manipulating warehouses), the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the final appraised value.

Section 505, Tariff Act of 1930 (19 U.S.C. 1505) :

> * * * Upon receipt of the appraiser's report and of the various reports of landing, weight, gauge, or measurement the collector shall ascertain, fix, and liquidate the rate and amount of duties to be paid on such merchandise as provided by law and shall give notice of such liquidation in the form and manner prescribed by the Secretary of the Treasury, and collect any increased or additional duties due or refund any excess of duties deposited as determined on such liquidation.

Section 514, Tariff Act of 1930, as amended (19 U.S.C. 1514) :

> * * * all decisions of the collector * * * and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons * * * unless the importer, consignee, or agent of the person paying such charge or exaction, * * * shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, * * * file a protest in writing with the collector * * *.

Plaintiff argues that under section 501, *supra*, the appraised value does not become final until 60 days after reappraisement. Since section

503(a), *supra*, provides that ad valorem duties may be assessed only on the final appraised value, plaintiff further argues that a liquidation prior to the expiration of said 60 days is an act performed on a non-existent final value, is of no legal consequence and hence is null and void. Phrased differently, plaintiff contends that a liquidation made prior to the time when appraisement becomes final is void and without any force and effect. We are of the opinion that this latter contention is incorrect and the liquidation herein is voidable in the sense that only a timely appeal for reappraisement challenging the underlying appraisement will nullify its conclusiveness.

The recent case of *John V. Carr & Son, Inc.* v. *United States*, 66 Cust. Ct. 316, C.D. 4209, 376 F. Supp. 973 (1971), sets forth the view as follows:

> In using the word "unless" in the above provision [section 501(a)], Congress appears to have intended that an appraisement, valid when made, should be final and conclusive and could be disturbed only by the filing of a timely appeal for reappraisement. A proviso or clause beginning with the word "unless" means an exception or condition subsequent rather than a condition precedent. *State Wholesale Grocers* v. *Great Atlantic & Pacific Tea Company*, 258 F. 2d 831 (1958), cert. den. 358 U.S. 947 (1958); *United States* v. *Winnicki*, 151 F. 2d 56 (1945); *In re Wiegand*, 27 F. Supp. 725 (1939).
>
> Thus, a liquidation prior to the expiration of the time within which an appeal may be filed does not affect the validity of the appraisement. It does not, however, preclude the filing of an appeal by either the importer or the Government within the statutory period, and if such is filed, the appraisement is rendered inconclusive and jurisdiction is vested in the courts to determine value.
>
> \*       \*       \*       \*       \*       \*       \*
>
> Obviously, if a timely appeal for reappraisement had been filed, the liquidation herein would have been rendered void. That is the situation which existed in a number of cases where the court has stated that the liquidation is void or that the collector has no power to liquidate while an appeal for reappraisement is pending. *Stubbs* v. *United States*, 7 Ct. Cust. Appls. 399, T.D. 36967 (1917); *United States* v. *Boston Paper Board Co.*, *supra; Lawrence Groom & Co.* v. *United States*, *supra; The New Home Sewing Machine Co.* v. *United States*, 62 Cust. Ct. 895, R.D. 11655 (1969). See also *United States* v. *European Trading Co.*, 26 CCPA 103, C.A.D. 1 (1938), where liquidation took place before the time to appeal from a decision of the Customs Court to the Court of Customs and Patent Appeals had expired.
>
> \*       \*       \*       \*       \*       \*       \*
>
> In the instant case the district director was empowered to liquidate the entry on the basis of the appraised value (absent a timely appeal for reappraisement or a finding of value by the Customs Court or the Court of Customs and Patent Appeals).

This he did—the only alleged infirmity being that he did it prior to the expiration of the time during which an appeal might have been filed. The liquidation could have been voided by the filing of a timely appeal by either party. Since in this case none was filed, and the rights of neither party have been prejudiced, the liquidation remains valid.

We adhere to the views expressed in the above decision and see no justification herein for disturbing the conclusiveness of a liquidation based on an appraisement which was never challenged. The period for contesting the underlying appraisement having passed, the liquidation remains in full force and effect and can be challenged only by a protest filed within 60 days.

In light of the above, the protest herein must be dismissed as untimely.

Judgment will issue accordingly.