(C.D. 4296)

HOWARD HARTRY, INC., also known as HOWARD HARTRY Co. and HOWARD HARTRY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 12, 1971)

*Glad & Tuttle* (*Robert Glenn White* of counsel) for the plaintiff.

*L. Patrick Gray III*, Assistant Attorney General (*Susan C. Cassell*, trial attorney), for the defendant.

Before RICHARDSON, LANDIS, and FORD, Judges; RICHARDSON, J., dissenting

LANDIS, Judge: These two protests are cases severed from a group of three cases (protest 67/60386 was the third), consolidated for trial at Los Angeles. The protests were consolidated, without objection, on representation that the plaintiff and the merchandise in the three cases were the same. The trial was had on claim that marine engines with reverse gear, classified under TSUS (Tariff Schedules of the United States) item 696.15 as parts of yachts or pleasure boats, dutiable at 12 per centum ad valorem, were, *inter alia*, properly dutiable at 10 per centum ad valorem under TSUS item 660.42 as compression ignition engines. The consolidated cases were submitted for decision. Both sides filed briefs on the merits. For reasons not connected with the merits these two protests were severed.[1]

Decision and judgment sustaining the claim in protest 67/60386 under TSUS item 660.42 was entered October 21, 1971, *Howard Hartry, Inc., etc.* v. *United States*, 67 Cust. Ct. 284, C.D. 4286 (1971).

These protests having been originally consolidated with protest 67/60386 decided for plaintiff, *Howard Hartry, Inc., etc.* v. *United States, supra*, the record in protest 67/60386 is incorporated in the record of these protests for all purposes. That record establishes that the marine engines[2] with reverse gear in these protests are the same in all material respects as the marine engines with reverse gear in protest 67/60386. On authority of the decision in protest 67/60386, *Howard Hartry* v. *United States, supra*, we hold that the marine engines with reverse gear covered by the entries in these protests are properly dutiable at 10 per centum ad valorem under TSUS item 660.42.

Judgment will so enter.

---

[1] The dissenting opinion has *sua sponte* raised a question not alluded to by either party in their pleadings, in open court, or in their briefs, viz: the question of the validity of a liquidation within sixty days after appraisement. However, as no appeal for reappraisement was filed and the time therefor has expired, the voidable liquidation is valid, as has been held by all three divisions of this court. See *John V. Carr & Son, Inc.* v. *United States*, 66 Cust. Ct. 316, C.D. 4209, 326 F. Supp. 973 (1971), Second Division; *Bradlow, Inc.* v. *United States*, 66 Cust. Ct. 333, C.D. 4211 (1971), First Division; *First American Artificial Flowers, Inc.* v. *United States*, 67 Cust. Ct. 164, C.D. 4268 (1971), First Division; *Pistorino & Co., Inc.* v. *United States*, 67 Cust. Ct. 245, C.D. 4281 (1971), Third Division on rehearing; *National Silver Co.* v. *United States*, 67 Cust. Ct. 262, C.D. 4283 (1971), Third Division. So far as this court is concerned, the law on this question has been settled and determined and it is difficult to see how any purpose is served by a continuing and further extended discussion of the matter. See *International Paper Company* v. *United States*, 24 Cust. Ct. 95, 100, C.D. 1215 (1950), concurring opinion of Judge Cole.

[2] It appears that entry No. 67/242505 of protest 67/62901 covers two marine engines and that one, bearing serial No. 45668, was imported without reverse gear.

■

### DISSENTING OPINION

RICHARDSON, Judge: I dissent from the majority opinion as the liquidation was not based on a "final appraisement." Liquidation to be valid, according to the decided cases, should not occur until 60 days after appraisement, when the appraisement becomes final. Here liquidation occurred on the fifty-sixth day following appraisement.

These are 1967 protests, and, according to Title I, Section 122 of The Customs Courts Act of 1970, and Rule 14.9(b)(1) of the Rules of the Customs Court, they are governed by the law in effect prior to October 1, 1970. The liquidation in these protests is premature and void. The law in effect prior to October 1, 1970 as declared by the Court of Customs and Patent Appeals, and by this court in an unbroken chain of decisions, is that a liquidation of an entry prior to the expiration of the 60 days after appraisement in which the collector or district director might appeal for reappraisement is not upon a "final appraised value," is premature and void, and a protest against such liquidation must be dismissed as premature. *United States* v. *Boston Paper Board Co.*, 23 CCPA 372, T.D. 48233 (1936). See also: *Lawrence Groom & Co.* v. *United States*, 64 Treas. Dec. 119, T.D. 46559 (1933), *Biddle Purchasing Co., et al.* v. *United States*, 69 Treas. Dec. 880, T.D. 48320 (1936), *Ti Hang Lung & Co.* v. *United States*, 3 Cust. Ct. 268, C.D. 248 (1939), and *The New Home Sewing Machine Co.* v. *United States*, 62 Cust. Ct. 895, R.D. 11655 (1969). There can be no "final appraised value" until either the right of appeal has been exhausted, or the 60-day statute of limitations has run against such appeal. Only then can there be a legal liquidation.

The liquidations herein are null and void by reason of their prematurity, and the protests filed herein against such void liquidations are premature, and must, therefore, be dismissed.