GODDARD (BANK OF THE UNITED STATES v.). See Case No. 917.
GODDARD (BARRETT v.). See Case No. 1,046.
GODDARD (BOWLEY v.). See Case No. 1,736.

═══════

## Case No. 5,490.
### GODDARD et al. v. COFFIN et al.
[2 Ware (Dav. 381), 382.] [1]
Circuit Court, D. Maine. April Term, 1849.

PRACTICE—MOTIONS AND RULES—EFFECT OF DIVISION OF OPINION IN THE COURT—RENDERING JUDGMENT.

1. When there is an equal division of opinion in the court, on a motion for any rule or order, the motion is not allowed, and fails.

2. If the motion be such that an affirmative decision is indispensable to the progress of the cause, the case stops, and the parties go out of court.

3. If it be such as only arrests the progress of the cause, and there is an equal division, the motion not being allowed, is in effect overruled, and the case proceeds as though no motion had been made.

4. When there has been a verdict and the motion has been made for a new trial on which the court is divided, the motion is overruled, and no new trial is allowed. But, whether judgment can be entered on the verdict or not, depends on the state of the case when the motion is made.

5. If, after verdict, there is any rule or order, general or special, for judgment nisi, no new motion being made, the party in whose favor the verdict is, is entitled to judgment.

6. If there be no such general rule, and no special order has been made for judgment nisi, and the court is equally divided on a motion for a new trial, the case stands precisely as though no motion had been made.

7. The rendering of judgment is a judicial act, and must be done by the court, and the record must show that it is the judgment of the court.

8. In this court, judgment is rendered only upon the motion of the prevailing party. If no motion is made the case stops. And upon such a motion, the court being equally divided in opinion whether judgment should be rendered, it seems that nothing can be done but to dismiss the case without costs and without prejudice.

This case was tried before the district judge, and a verdict having been rendered for the plaintiff for $3,353.52 damages, a motion was made by the defendant for setting aside the verdict and for a new trial. On this motion, after argument, the court were divided in opinion; one of the judges being for, and one against the motion. After the judges had delivered their opinions, a question arose and was shortly spoken to by counsel, whether judgment could be entered on the verdict, the motion for a new trial having been overruled by an equal division of opinion. The circuit judge was in favor of rendering judgment. The district judge doubted whether this could be done as a matter of course, the court being divided, and desired

───────────
[1] [Reported by Edward H. Daveis, Esq.]

time to consider the question; and it was ordered to stand over for argument, before the district judge, on the 21st of October, the circuit judge having directed an entry on the docket, that he was in favor of rendering judgment, he having been in favor of overruling the motion for a new trial. At the same time it was agreed that the case should be considered as open for any motion by either party; and each party be at liberty to take such steps in the case as he should be advised were for his interest. At the adjournment no counsel appeared for the plaintiff. Hobbs, counsel for the defendant, appeared and spoke shortly to the case, and read an argument in writing by Benjamin Rand of the Suffolk bar. After the adjournment, and before any opinion was given by the district judge, the counsel for the plaintiff desired to be heard and the case was continued to the next term of the court. The counsel appeared, no motion was made and none was before the court; but the counsel contended that the motion of the defendant having been overruled, judgment for the plaintiff followed as a matter of course, and ought to be entered by the clerk, without any special motion by the party, or any particular order of the court.

Mr. Appleton, for plaintiffs.
Mr. Hobbs, for defendants.

WARE, District Judge. The plaintiff, in this stage of the cause, makes no motion; he does not ask the court to render judgment; but no motion being before the court, he has addressed to us an argument, as he observed rather as amicus curiae than as counsel, in which he has contended, that it is the duty of the court to render judgment without a motion. If a motion is made for judgment by him, the other party is ready to object, and will object as soon as the motion is made. The case has been very elaborately and ably argued on both sides, and after the most careful consideration that I have been able to give to the arguments, it appears to me to follow, both in principle and as a legitimate inference from all the authorities that have been so copiously cited and ingeniously criticised, that the court can make no movement giving progress to the cause, but on the motion of one of the parties. Whether it is disposed of in one way or the other, it must be at the instance of a party to the suit.

It has been argued for the plaintiff, that the motion for a new trial having been overruled, judgment follows of course, and that the prevailing party, or the clerk as a ministerial officer, may enter judgment without an order of the court. Looking at the question as one resting in general principles, and depending on the order of judicial proceedings, I am unable to see how this can be done. In the English practice there is a general rule of court, by which the prevailing party, after verdict may enter a rule for judgment nisi causa ostensa sit within four days. Clerk v. Rowland, 1 Salk. 399; Tidd, Pr. 813; 3 Bl. Comm. 395. But this is entered under a general rule, established by the court. It constitutes the law of the court (Thompson v. Hatch, 3 Pick. 516), and has the same effect as though such an order was entered specially in the particular case. In this court there is no such rule. The 61st and 62d general rules have always been considered as determining only the time when judgments shall be entered, if not otherwise specially ordered, and not as authorizing a judgment to be entered without an order. Neither in case of verdict or default, is judgment ever entered, but at the instance of the party. The party who has a verdict may have an attachment, to save which, the property must be taken on execution within thirty days after judgment, and he may not be prepared to make the levy within that time; or for other causes he may wish the case to stand for judgment. The court, therefore, never order judgment but at the instance of the party for whom it is to be rendered. He has a right to choose his time for taking his judgment and execution. If there were any general rule analogous to the English four-day rule, under which judgment might be entered, the clerk would be authorized to enter it under the rule. The entry would then be a mere ministerial act as much as though there was a special order, and the judgment would be that of the court under its general rules. But in this court there is no such general rule, and no special order has yet been made. The verdict, therefore, stands naked and alone; and without an order, general or special, it may be asked how the clerk is to make up the judgment, and in what form it is to be entered. The common formula is, "Ideo consideratum est per curiam," it is considered by the court. It is true, as is said by Blackstone (3 Comm. 396), that the judgment is the determination of the law, but the law can only speak through its regular organs, and, therefore, the conclusion of law must be pronounced by the court. But the court has pronounced no conclusion. If the clerk should, therefore, enter the judgment in the usual formula, it would not be according to the truth of facts. It would not be by the consideration of the court. The record must show that it is the judgment of the court, and the record must speak the truth. And, therefore, in the case of Hill v. Tiernam, 4 Mo. 316 (Supp. U. S. Dig. art. "Judgment, II."), it was decided, that an entry by the clerk, that judgment was confessed in open court, and that the amount was liquidated by the clerk at a certain sum, was not a judgment on which a recovery could be had.

The whole question, then, appears to resolve itself into this—whether the rendition,

of judgment is a judicial act, to which the direct agency of the court is indispensable, and to which the mind of the court is to be judicially applied; or whether, after verdict has been rendered, it is a ministerial act, which may be performed by the clerk without an order by the court. When presented in this elementary form, the question appears to me exceedingly clear and free from doubt. If there be any one thing done in the progress of a cause, from its commencement to its conclusion, that is peculiarly and emphatically a judicial act, it is the rendition of judgment. Viewed, then, as a question of principle, to be determined by the general analogies of the law, and the practice of its tribunals, it appears to me that the plaintiff cannot have judgment but by the order of the court. He has his verdict, that, the court having refused to set it aside, stands, and he is entitled to all the advantages that may be derived from it. What these may be, beyond the question now before the court, it is not necessary to determine at this time. Certainly judgment does not follow of course; for after verdict, and after a motion for a new trial has been overruled, the party, against whom a verdict has been rendered, may move in arrest of judgment, or he may move for judgment in his favor non obstante veredicto, for matter appearing on the face of the proceedings. Taylor v. Whitehead, Doug. 745, 746; Rex v. Hayes, 2 Strange, 845; Rex v. Holt, 5 Term R. 445; Tidd, Pr. 840; 3 Bl. Comm. 393. This seems to me to be the necessary conclusion from legal principles. But it is supposed by the plaintiff's counsel, that a different conclusion has been established by the decisions of the courts, and a number of new cases have been referred to, which are supposed to sustain his view of the question. In the case of The Antelope, 10 Wheat. [23 U. S.] 66, the vessel had been seized and brought into the United States as a slaver, for an alleged violation of our laws relative to the slave trade. The negroes were claimed as the property of foreigners, and there was a decree of the circuit court for their restoration. On this appeal, the question was, whether this decree should be reversed, and upon this question the court was equally divided. Consequently the judgment stood. The claimant had obtained a decree of a competent tribunal, which remained in force until it was annulled. For an appeal, or writ of error, does not annul, it only suspends the judgment. The question before the supreme court was not whether a judgment could be rendered by a divided court, but whether a valid and subsisting judgment could be reversed and annulled by a divided court. Etting v. Bank of U. S., 11 Wheat. [24 U. S.] 59, is to the same effect. In cases of appeal and writs of error in the supreme court, the question always is on reversing, and not on affirming the decree or judgment. Bridge v. Johnson, 5 Wend. 342. That re-

quires no affirmance, for it stands and is valid, until reversed.

The cases of U. S. v. Daniel, 6 Wheat. [19 U. S.] 542; Packer v. Nixon, 10 Pet. [35 U. S.] 408; Smith v. Vaughan, Id. 366; Davis v. Braden, Id. 286,—were all cases certified to the supreme court on a division of opinion between the judges of the circuit court, not on questions of pure law, but on questions resting in the discretion of the court, and all they decide is, that when the court is divided on such a question, it is not one which can be brought before the supreme court on such a certificate, under the act of 1802, c. 21, § 6 [2 Stat. 159]. In the case of Lanning v. London [Case No. 8,075], it was decided that when the court is divided on a motion for a new trial, the motion fails and a new trial is not granted. So we say; but that decision stops there, and determines nothing as to the ulterior proceedings in the case. The case of the U. S. v. Worrall, 2 Dall. [2 U. S.] 384, 396, requires a more careful consideration. As it seems to have been understood, it is indeed directly in point for the plaintiff. The defendant was indicted for an attempt to bribe an officer of the United States, and a verdict was returned of guilty. A motion was made, by Dallas, in arrest of judgment, on the ground that the court had no jurisdiction over the offense; the act charged not having been made punishable by any act of congress, and it was contended that the court could not take cognizance of it as an offense at common law. On this motion the court was divided; one of the judges holding that the court had jurisdiction, the other that it had not. The court being thus divided, a doubt arose whether sentence could be pronounced, and a wish was expressed from the bench, that the case might be put in such a state that it could be carried to the supreme court for a decision. The counsel for the prisoner declined to enter into any compromise for that purpose; and the court, after a short consultation, sentenced the prisoner to a mitigated punishment. The case has been referred to as establishing the principle that when, on a motion for an arrest of judgment, and for a new trial, the court is equally divided, judgment must be rendered on the verdict, 6 Pet. Cond. R. 222, note. If such is the decision, in my opinion it is not law. But I think no such decision is to be inferred from the report of the case. The reporter has given no rubric of the points which he supposed to be ruled in the case. In the index, though this case is referred to four times, for other minor points raised or ruled, this leading and most important one I do not find noticed; and if it had been understood to have been decided, it certainly would not have escaped the attention of so learned and accurate a reporter as Mr. Dallas; especially as he was counsel in the case for the prisoner, and argued the motion. I think that no such principle was decided; but that, on consultation, one of the judges waived

his opinion and concurred with the other on the main question of the jurisdiction.

Cahill v. Benn, 6 Bin. 99, is another case which was strongly insisted upon. In this, a motion for a new trial, after verdict, had been made, on which it does not appear that any decision had been made, but it may be inferred that it was overruled by a divided court. Afterwards a motion was made for judgment, two judges being present. One ordered judgment to be entered, and the other objected and ordered his objection to be entered on the record. It was held that the judgment was a good judgment. Tilgham, C. J., said that the court considered the dissenting judge, in entering his objection on the record, as merely expressing his opinion that a new trial ought to be granted, and not as intending to arrest a regular course of the law. But he further adds that the judgment is undoubtedly the judgment of the court, and the prothonotary only their agent in entering it. In one view, the decision appears directly in point for the plaintiff. But if that be the decision, it appears to me to be in direct opposition to every other case in the books, and not only so, but the opinion is inconsistent with itself. For the chief justice says that the judgment must be that of the court, and yet says that a judgment which the record shows was not rendered by the court is a valid judgment. The only way of reconciling the apparent contradictions in the opinion is by supposing, what does not appear in the report, that there was some general rule, analogous to the English four-day rule, by which a party, who had obtained a verdict, was authorized to enter an order for judgment nisi. Then the party would be entitled to his judgment, under the general rule, unless it was rescinded. This would require a majority of the court, and the judge, who prohibited the entry of judgment, would be chargeable with an attempt to obstruct the course of justice, as is intimated in the opinion of the chief justice.

When a court, consisting of a plurality of judges, is equally divided on any motion, rule, or order, it seems to be a proposition too plain for argument that the court can do nothing. If an authority is asked, it will be found 12 Coke, 118 (Proctor's Case); 3 Chit. Pr. 10. The whole power of the court, so far as relates to that subject, is paralyzed. So it was considered by congress; and, therefore, it is provided by law, when such a division occurs, that the question on which it takes place, shall be certified for a decision to the supreme court. If an equal division arise in that court, it is a casus omissus, and the law not providing what shall be done, if a decision is indispensable to its progress, the case stops, and the parties must begin anew. In England, as long ago as 14 Edw. III., this difficulty was felt and a remedy provided by parliament. If the court of king's bench or common pleas is equally divided, the case shall be adjourned to the exchequer chamber, and be there argued before all the justices, and if that court is equally divided, it shall be determined by parliament. Com. Dig. "Court, D," 5; Co. Litt. 71.

What will be the precise effect of a division on the cause, depends on the nature of the action, and the position of the case when it occurs. If the question is one which must be decidedly affirmatively, before anything further is done, the cause stops, and the parties must seek other means of settling the controversy. But if the motion or question was only to arrest the progress of the cause, as a motion for an amendment of the pleadings, or the continuance of the action, then if there be an equal division, the motion fails, and the cause proceeds; for the obstacle interposed is removed. This may be illustrated by several decisions of the English court. In Dean of Rochester v. Pierce, 1 Camp. 466, Lord Ellenborough, at nisi prius, ordered a nonsuit. It was carried before the full court by a motion to set aside the nonsuit. The court, on this motion, was equally divided, so that no order could be made. The consequence was that the nonsuit stood. In Iveson v. Moore, 1 Salk. 15, reported also 1 Ld. Raym. 495, a verdict had been rendered for the plaintiff, and an entry made under the general rule, which is the four-day rule of the English practice, for judgment nisi. But a further rule was afterwards obtained by the defendant, that judgment should be arrested nisi. On motion to set aside this latter rule the court were equally divided, and no judgment could be rendered. The last order was for a stay of judgment, and as the court could not agree to rescind it, the rule stood. The reporter (Ld. Raymond) adds, that if the court had been divided on the first motion, the plaintiff would have had judgment. That is, the first order, under the general rule, being entered for judgment nisi, this would have been an authority for the plaintiff to sign judgment, unless it was rescinded and a divided court could not rescind. The remark of the reporter illustrates the latter branch of the proposition and is confirmed by the case of Chapman v. Lamphire, 3 Mod. 155. There the plaintiff had a verdict, and, under the general four-day rule, an order had been entered for judgment nisi. A motion was made for arrest of judgment. The reporter says, "The judges were divided in opinion, two against two, so the plaintiff had his judgment, there being no rule to stay it, so that he had his judgment on his general rule for judgment; but if it had been on demurrer or special verdict, then it would have been adjourned into the exchequer chamber." For, on a special verdict, there must be a rule made for entering judgment, and the court, being divided, could make no rule. And on a demurrer, if the court be divided, the demurrer, it is true, is in effect overruled; that is, it is not allowed. But judg-

ment does not follow, of course, without a rule or order of court; and the judges, who were in favor of sustaining the demurrer, would, for the same reason, be opposed to rendering judgment. If, however, after entry of the general rule, which is always for judgment nisi, a special order be obtained, for a stay of judgment, or that judgment be arrested nisi, this being the last order, the case in Salkeld shows what the result will be. In Walmsley v. Russel, 6 Mod. 203, it is said, "If the case be ruled to be put in paper for argument, or the rule be a curia advisare vult, and the court is divided, there can be no judgment," and, it is added, "the case of Iveson v. Moore stands upon that point to this day."

The other cases, cited in the learned argument for the defendant, both from the earlier and later reports, fully support this view of the case. Vincent v. Preston, 12 Mod. 667; King v. Justices of Leicestershire, 1 Maule & S. 442; Darcy v. Jackson, Palm. 257; Attorney General v. Jefferys, McClel. 270–308; Atkins v. Drake, McClel. & Y. 213–245. In England, when such a division occurs, it is said, when there is much property at stake, or it is for other reasons important to have the question decided, to be usual for one of the judges to withhold his opinion and thus have a pro forma judgment entered, for the sake of allowing an appeal to the house of lords. 3 Chitty, Pr. 10; Deane v. Clayton, 7 Taunt. 536. This case now stands on the verdict alone. There is no subsequent order of the court for judgment nisi, nor for a stay of judgment. All that the court has decided is, that there shall be no new trial. A division of opinion, on a motion for a new trial, is not one which can be carried to the supreme court, on the certificate of the judges. But if a motion is now made for any ulterior proceedings, and the court should be divided, a question will be presented affecting the strictly legal rights of the parties, over which the supreme court may take jurisdiction, under a certificate of the judges. It is argued for the plaintiff, that, a new trial having been refused, he had a right to judgment, without any motion on his part, ex debito justitiae. I think otherwise. A motion for arrest of judgment, in the order of judicial proceedings, comes after one for a new trial, and may be sustained after a motion for a new trial has been overruled. It is certain, therefore, that the court ought not to enter judgment as a matter of course, for then the defendant might be precluded from making such a motion.

In this posture of the case, the counsel ask the court what is next to be done? It seems to me that this question may with more propriety be addressed by the court to the counsel. Ordinarily the court is not expected to act but on the motion of one of the parties. Subject to the rules of law, the parties are to determine what disposition shall be made of their case. But if no motion is made, it appears to me that all we can do is, to dismiss the case without cost and without prejudice to either party. In the case of Veazie v. Williams [Case No. 16,907], in this court, the judges were divided, one being of the opinion that the bill ought to be dismissed with costs, the other that the plaintiff was entitled to a decree in his favor. It was then our opinion that the only decree we could make was an order to dismiss the bill without costs. If I could, consistently with my views of official obligation, waive my opinion on the former motion, I would most cheerfully do it. But having heard the trial, and after the most careful examination which I have been able to give to the subject, having been brought to the conclusion that the interests of justice, and the rights of the parties require that the case should be submitted to another jury, I do not feel that I have any right to withhold from the party the benefit of that opinion. It is true that a motion for a new trial is addressed to the discretion of the court; but this is a judicial discretion, and though from its very nature it cannot be limited by any precise and arbitrary rule, it is to be determined by the judicial conscience of the court; and when that is convinced, by the view of the whole case, that justice requires a new trial to be had, the court is as much bound so to decide it as when the decision of the question before it turns on a positive rule of law. The court has no more moral or judicial right to violate the sanctity of its own conscience, than it has to violate the rules of law. When a question is addressed to discretion, the obligations of conscience are as imperious as those of law when the question is addressed to the law. And if a party is successful in convincing the conscience of the court, that justice, consistently with the rules of law, requires the interposition of its discretionary action, he is as much entitled to it, as when he claims the benefit of the positive rules of law, and the court is as much bound to render that justice which he asks. But though I do not feel at liberty to waive my opinion on the former motion, the plaintiff is not without remedy. He may move for judgment, and if, on that motion, the court should be divided, and it seems to be assumed that it will be, and refuse to enter judgment on the verdict, he may apply to the supreme court for a mandamus, and, if he is right in his view of the law, an order will be sent to this court to enter up judgment. Life & Fire Ins. Co. v. Wilson, 8 Pet. [33 U. S.] 291.