**PISTORINO & CO., Inc.**

v.

**UNITED STATES.**

C.D. 4281; Protest No. 66/10185–19824 against the decision of the collector of customs at the port of Boston.

United States Customs Court, Third Division.

Oct. 12, 1971.

Allerton deC. Tompkins, New York City, for plaintiff.

L. Patrick Gray, III, Asst. Atty. Gen. (Velta A. Melnbrencis, New York City, trial atty.), for defendant.

The Assn. of the Customs Bar (Joshua M. Davidson, John S. Rode, and Earl R. Lidstrom, New York City, of counsel), as amicus curiae.

Before RICHARDSON, LANDIS and FORD, Judges.

LANDIS, Judge.

■■ This case involving merchandise imported from Sweden and entered and liquidated at Boston, is a rehearing of Pistorino & Co., Inc. v. United States,

65 Cust.Ct. 387, C.D. 4110, decided October 28, 1970,[1] wherein Judge Richardson in an opinion in which I concurred as a member of the Third Division,[2] *sua sponte* remanded the cause to a single judge of this court pursuant to 28 U.S.C.A. section 2636(d), to determine the value of the merchandise in the manner provided by law. As the basis for such decision it was noted that:

> * * * liquidation of the involved entry occurred on November 22, 1965, or just 32 days after the merchandise was appraised. As such, appraisement never became final, the time within which the collector might appeal therefrom not having expired at the time of liquidation. Under 19 U.S.C.A., section 1503(a) the collector has but one value upon which he can lawfully assess duty, and that is the final appraised value of the merchandise which does not become final until the expiration of 60 days after the ap-

1. Defendant moved the rehearing. 28 U.S.C.A. section 2640. Judge Richardson voted to deny the motion; Judge Landis voted to grant the motion; Judge Ford specially assigned to resolve the split, voted to grant the motion. Order granting the motion for rehearing was entered June 11, 1971.

2. At the time the cause was submitted for decision (November 13, 1968), as well as at the time the decision was handed down and judgment entered (October 28, 1970), Judge Rosenstein was an active judge of this court assigned to the Third Division. 28 U.S.C. section 254 (prior to amendment by the Customs Courts Act of 1970). For some unaccountable reason the case was never circulated to Judge Rosenstein as a judge of the Third Division. The two preliminary motions previously made in 1967 before two judges of the division do not, of course, preclude this case, which was heard and submitted before Judge Donlon at Boston in 1968, from being considered by the full division as it was then constituted of three judges, on submission date. In fact, it has been held that participation in writing of the opinion and rendering of judgment by a judge in a case which was heard and submitted prior to the judge becoming a member of the court was entirely appropriate and not a ground for reversal. Roberts v. United States, 17 CCPA 215, 220, T.D. 43653 (1929).

Point I of the dissent herein, which takes the position that the motion should have been denied because the two judges who decided the case and entered the judgment could *not agree on whether the motion should be granted*, goes on to suggest that now adding a third judge (Judge Ford), who did not participate in the original judgment, to resolve the split "appears to be inappropriate". (Judge Rosenstein retired to Senior Judge status on January 1, 1971.) The rule of affirmance where judges are evenly divided in opinion is a relic of the common law of England which has been followed somewhat in the United States and is to the effect that where the appellate court is evenly divided in opinion, the judgment of a lower court will be affirmed. Veolay, Inc., et al. v. United States, 21 CCPA 268, T.D. 46804 (1933). The Court of Customs and Patent Appeals however, in *Veolay* made it clear that the rule had limited application, viz:

> * * * [The] rule is one of necessity. A review of the authorities will show that it is adopted only when there seems to be no alternative, and where to fail to do so would indefinitely prolong the litigation, with no useful result. * * *
>
> * * * * *
>
> It will thus be seen that the rule will not be invoked if by statute, by prospective changes in personnel, by the substitution of other judges, or the filling of the court, it can be avoided, and the litigants have their cause decided upon its merits.

As we view the various provisions of law creating * * * the United States Customs Court, and fixing its jurisdiction and powers, there seems to be no necessity for the invocation of this rule when two of the judges of a division of such court are considering a case and are divided in opinion. In fact, it may well be concluded that one of the objects which the lawmakers had in mind was to avoid any such situation.

> * * * * *

We are therefore of the opinion that the disagreement between Judges Cline and Evans did not, in law, constitute an affirmance of the judgement of the single judge. The case should have been placed upon the calendar for a retrial by the full division. [Pages 278, 280, 281.]

As observed in *Veolay*, the assignment of the third judge to this case is authorized by statute, 28 U.S.C. section 254. Moreover, as this record discloses, the parties to this litigation have consented to the assignment.

praisement. Liquidation of an entry prior to the expiration of the time for appeal to reappraisement is null and void. United States v. Boston Paper Board Co., 23 CCPA 372, T.D. 48233 (1936). And the effect of such premature liquidation is to void the appraisement as there was no official act of the collector accepting the appraisement. United States v. Boston Paper Board Co., *supra*. Consequently, the matter must be remanded to a single judge of this court pursuant to 28 U.S.C.A., section 2636(d) to determine the value of the merchandise herein in the manner provided by law.

In order to understand the issues involved in this case a brief history of the proceedings is deemed pertinent. Plaintiff filed a protest claiming error in plaintiff's failure to deduct the buying commission and the customs duty from the entry value of the merchandise.[3] Subsequently, without objection, plaintiff amended the protest to claim the liquidation was illegal, null and void, for failure to give notice of the appraisement in accordance with section 501 of the Tariff Act of 1930, as amended, 19 U.S.C.A. section 1501.

After trial of the issues presented by plaintiff's protest, briefs were filed by both sides, arguing the merits of plaintiff's amended protest claim that the collector's liquidation of the imported merchandise was illegal, null and void for the reason that the collector at Boston failed to notify plaintiff of the appraised value of the merchandise, as plaintiff had allegedly requested pursuant to section 501, *supra*. Cf. United States v. International Importers, Inc., 55 CCPA 43, C.A.D. 932 (1968). The original opinion herein, upon weighing the evidence and discussing the arguments on the merits of that claim, found that plaintiff, as contended, had written the collector a letter (exhibit 1) which, in the context of the writing, was "sufficient to advise the collector of the plaintiff's desire to receive a notice of

appraisement * * *." The original opinion further found, however, that plaintiff had failed to establish that the letter was ever mailed, delivered or received by the collector. While ordinarily inclined to set aside the submission and give plaintiff an opportunity to prove the collector received the letter, the original opinion *sua sponte* disposed of the protest, as heretofore mentioned, by remanding it as a matter of law.

When defendant moved for a rehearing, the parties for the first time briefed the issue upon which the court had *sua sponte* disposed of the case viz: the question of the validity of the appraisement and liquidation, where the liquidation occurred prior to the expiration of the time to file an appeal for reappraisement under section 501 of the Tariff Act of 1930, *supra*. The rehearing having been granted, the parties, on July 30, 1971, relying on the memoranda and briefs filed of record, resubmitted the case for decision on the existing record, without offering any further evidence.

It thus appears that the parties are now more interested in obtaining an adjudication as to the validity of the liquidation where the liquidation took place prior to the time to file an appeal for reappraisement than a determination of whether the liquidation is invalid by reason of failure to send plaintiff a notice of appraisement under section 501.

Defendant's stated position in support of the motion for rehearing (defendant filed a memorandum of law), which it carries into this rehearing, is that liquidation of an entry prior to the expiration of the time to file an appeal for reappraisement under section 501 does not void the appraisement, and that while the liquidation is voidable, it is valid in the absence of a proper party filing a timely appeal for reappraisement under section 501. Plaintiff in its memorandum of opposition takes the position that whether or not the appraisement is void, a liquidation prior to the expira-

---

3. This claim has not been pressed and is deemed abandoned.

tion of the time to file an appeal for reappraisement under section 501 is void and, therefore, the "[o]riginal decision of this court should not be disturbed."

A brief filed by the Association of the Customs Bar[4] basically postures that, contrary to the holding in the original decision, an appraisement is not voided by a liquidation prior to the expiration of the time to file an appeal for reappraisement and, as a matter of law, there is no basis for remanding such a protest. The Customs Bar does, however, agree with the original decision to the extent it holds that a protest *sua sponte* reflecting a liquidation prior to expiration of the time to file an appeal for reappraisement is void. The Bar suggests, citing precedents, that the original decision and judgment be modified by dismissing the protest as premature, and returning the official papers to the collector to be liquidated in accordance with law.

The memoranda of law and brief filed on the motion for rehearing, quite obviously, take no issue with the proposition that on the facts *sua sponte* raised of record, the appraisement is valid and remand unnecessary. At the very least, therefore, the original decision and judgment remanding the cause to a single judge on the ground that the appraisement is void should be modified and the judgment corrected as to that part.

The only divisive issue in the liquidation of the protest entry in this case prior to the expiration of the time to appeal for reappraisement under section 501, is whether, as a matter of law, the liquidation is absolutely void. The words "void and of no effect" are "often used in statutes and legal documents * * * in the sense of voidable mere-

ly, that is, capable of being avoided, and not as meaning that the act or transaction is absolutely a nullity, as if it never had existed, incapable of giving rise to any rights or obligations under any circumstances." Ewell v. Daggs, 108 U.S. 143, 148–149, 2 S.Ct. 408, 412, 27 L.Ed. 682 (1883), Ballentine's Law Dictionary (1948 edition), page 1344, see also, Atlantic Coast Line Railroad Co. v. Florida et al., 295 U.S. 301, 311, 55 S.Ct. 713, 79 L.Ed. 1451 (1935).

Current with our consideration of the motion for rehearing in this case, Chief Judge Rao, in a unanimous decision written for the Second Division of this court, John V. Carr & Sons, Inc. v. United States, 66 Cust.Ct., C.D. 4209, 326 F.Supp. 973, decided April 29, 1971, disposed of the issue of the validity of a liquidation prior to the expiration of the time to file an appeal for reappraisement as follows:

> Obviously, if a timely appeal for reappraisement had been filed, the liquidation herein would have been rendered void. That is the situation which existed in a number of cases where the court has stated that the liquidation is void or that the collector has no power to liquidate while an appeal for reappraisement is pending. Stubbs v. United States, 7 Ct.Cust. App. 399, T.D. 36967 (1917); United States v. Boston Paper Board Co. [23 CCPA 372, T.D. 48233 (1936)], *supra*; Lawrence Groom & Co. v. United States [64 Treas.Dec. 119, T.D. 46559 (1933)], *supra*; The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969). See also United States v. European Trading Co., 26 CCPA 103, C.A.D. 1 (1938), where liquidation took place before the time to appeal from a deci-

---

4. The Association of the Customs Bar was granted leave on January 22, 1971 to appear as *amicus curiae*, and to file a brief or legal memorandum concerning the issues raised in the motion of the United States for a rehearing, upon the representation that "[n]umerous protests are pending in the Customs Court which will be affected by the outcome of the * * * [motion for rehearing] in that they are filed against liquidations made within sixty days after appraisement, and * * * [t]he matters raised are of general interest and affect the future disposition of protests filed on behalf of many importers."

sion of the Customs Court to the Court of Customs and Patent Appeals has expired.

While the word "void" has been applied to the liquidations in some of the decisions, that term is often used to signify various shades of infirmity from absolutely void for all purposes to merely voidable. Joseph Fischer v. United States, 38 CCPA 143, 150, C.A.D. 452 (1951). In that case the court found it significant that prior decisions had held that insufficient designation of packages to be examined rendered an appraisement null and void rather than void *ab initio*. It concluded that the action of the collector in failing to designate the prescribed number of packages "may be characterized as an act which he was empowered to perform but which he performed in an improper manner." It was held that such act, not being void in an absolute sense, did not vitiate the jurisdiction of the court in a reappraisement case.

In the instant case the district director was empowered to liquidate the entry on the basis of the appraised value (absent a timely appeal for reappraisement or a finding of value by the Customs Court or the Court of Customs and Patent Appeals). This he did—the only alleged infirmity being that he did it prior to the expiration of the time during which an appeal might have been filed. The liquidation could have been voided by the filing of a timely appeal by either party. Since in this case none was filed, and the rights of neither party have been prejudiced, the liquidation remains valid.

While it has been customary until recent years to withhold liquidation until the period for appeal has expired, there appears to be no legislative policy in the public interest requiring it. In fact, at the present time there are reasons for the newer procedures.

The First Division of this court in Bradlow, Inc. v. United States, 66 Cust. Ct., C.D. 4211, decided May 5, 1971, footnoted the issue and unanimously followed the *Carr* case.

It is interesting to note that the Third Division in an opinion written by Judge Richardson in Garod Radio Corporation v. United States, 46 Cust.Ct. 473, Abstract 65612 (one judge dissenting), handed down in 1961, while it refrained from expressing any opinion as to whether the liquidation was void or voidable when made during the pendency of an appeal to reappraisement (although there could be no doubt of this under John V. Carr & Sons, Inc. v. United States and Bradlow, Inc. v. United States, *supra*), nevertheless disposed of the case in a manner inconsistent with the liquidation being void. This follows from the holding that the court would not consider plaintiff's protest claiming the liquidation to be void because it could find nothing to show that plaintiff's ground of invalidity asserted at trial, viz: that the liquidation was made during pendency of appeal for reappraisement, had been in plaintiff's mind at the time protest was filed.[5] Had the liquidation been considered void by the court, as urged by plaintiff at the time of trial, the fact this was not shown to be in plaintiff's mind when protest was filed would have been irrelevant for it is well settled that a void act or judgment may be attacked in any judicial tribunal, in any other cause, at any time the question arises. Cf. United States v. Robinson & Co., 12 Ct.Cust.Appls. 145, 154, 155, T.D. 40062 (1924); Thompson v. Whitman, 85 U.S. (18 Wall.) 457, 460, 21 L.Ed. 897 (1874); Lincoln v. Tower, 15 Fed.Cas. p. 544, No. 8,355, 2 McLean 473 (C.C.D.Ill.1841); Moore v. Edgefield, 32 F. 498 (1887).

---

5. Contrary to this holding, Judge Richardson in the original *Pistorino* decision (C.D. 4110), *sua sponte* held the liquidation void.

The *New Home* case, cited in the quote, *supra*,[6] is clearly distinguishable from the case at bar. An examination of that case reveals that an appeal to reappraisement therein was taken prior to the liquidation. It is true that, through no fault of the importer, the appeal to reappraisement was taken prematurely prior to appraisement as Customs prematurely, and prior to appraisement, had given the importer notice that the appraisement had already been made when in fact it had not. The court dismissed the appeal to reappraisement for the reason that it was premature. In our opinion, however, the appeal to reappraisement while premature was sufficient to void any liquidation made prior to the date the appeal was disposed of in this court.

■ Persuaded that the *Carr* and *Bradlow* cases are correct upon this issue, we further note that "[a]t the present time, under the Tariff Act of 1930, there is still no provision in the statute setting forth a time limit for the collector to make the liquidation", cf. Dart Export Corp., et al. v. United States, 43 CCPA 64, 75, C.A.D. 610 (1956), certiorari denied 352 U.S. 824, 77 S.Ct. 33, 1 L.Ed.2d 48 (1956). On the strength of the foregoing authorities, we now hold that the collector was empowered to liquidate the entry on the basis of the appraised value (absent a timely appeal for reappraisement or a finding of value by the Customs Court or the Court of Customs and Patent Appeals). We further hold that the liquidation being voidable rather than absolutely void, said liquidation could have been voided by the filing of a timely appeal by either party. Since none was filed and neither party has been prejudiced, the liquidation remains valid.

■ This brings us to the remaining question which is before us for decision, viz, whether the liquidation is invalid by reason of the failure to send plaintiff a notice of appraisement under section 501, *supra*. Consistent with the discussion of the evidence on the merits of that claim heretofore set forth, and for the reasons stated and as alluded to in the original decision, the protest claim that the liquidation is illegal, null and void for failure to send plaintiff a notice of appraisement is overruled.

The decision and judgment heretofore rendered is vacated. The protest is overruled and judgment will so enter.

RICHARDSON, Judge (dissenting).

Because of the present posture of this case, it is necessary to express my views in three parts. Part I is addressed to the effect on a motion for rehearing when a court consisting of a plurality of judges is equally divided on the disposition of the motion. Part II is addressed to Judge Landis' reconsideration of our decision that the liquidation was premature and void. Part III is addressed to Judge Landis' reconsideration of our decision that the effect of the premature liquidation was to void the appraisement, and our remand of the case to a single judge to determine value.

## I.

As indicated in footnote one of Judge Landis' opinion, Judge Richardson voted to deny the motion for rehearing and Judge Landis voted to grant the motion; and Judge Ford was specially assigned to resolve the split, and voted to grant the motion.

A motion for rehearing is addressed to the discretion of the judge or judges who decided the case. De Windt v. O'Leary, 118 F.Supp. 915 (S.D.N.Y. 1954). In this controversy since the two judges who heard the case and entered judgment did not agree on the granting of a motion for rehearing the motion failed. "Where there is an equal division of opinion in the court [on a motion for a rehearing], the motion fails." 60 C.J.S. Motions & Orders § 38; Goddard v. Coffin, 10 Fed.Cas. p. 505, No. 5,490, 2 Ware (Dav. 381), 382 (C.C.D.

---

6. The *New Home* case is also cited in the dissent.

Me.1849). In the *Goddard* case the court stated at page 507:

"In the case of Lanning v. London [Case No. 8075], it was decided that when the court is divided on a motion for a new trial the motion fails and a new trial is not granted."

Thus when a court consisting of a plurality of judges is equally divided on a motion, adding a third judge who did not participate in the original judgment "to resolve the split" appears to be inappropriate.

As the opinion in Pistorino & Co., Inc. v. United States, 65 Cust.Ct. 387, C.D. 4110 (1970), at page 390, indicates, the question of the Court's jurisdiction was challenged first by a motion in 1967 at which time Judges Richardson and Landis were the only judges in the Third Division. They continued to act in the case through October 28, 1970 when they concurred in a decision and judgment, C.D. 4110.

The question of affirming a lower court *judgment* where an appellate court is evenly divided on the lower court's judgment is not involved in this case. The question here is whether the party making a motion for a rehearing to the trial court which entered a judgment, against which it complains, has relief available to it when that trial court is divided on whether it should or should not grant the *motion* for a rehearing; and my answer to the question is in the affirmative. It has a judgment from which it can appeal.

The issue here is distinguishable from the issue in the case of Veolay, Inc., et al. v. United States, 21 CCPA 268, T.D. 46804 (1933), referred to by Judge Landis in footnote two of his opinion. In the *Veolay* case there was no judgment order entered by two judges of the Third Division, one of the two judges who had agreed on a decision having died before the third judge returned the draft to the clerk with her dissenting opinion. In other words no order had been entered from which an appeal could be taken. In the instant case there was a decision and judgment order entered and promulgated from which an appeal could be taken, when the two judges who had decided the case disagreed on a motion for a rehearing.

## II.

I dissent from the majority opinion that the liquidation was voidable, and adhere to the court's original view that the liquidation was premature and void inasmuch as the liquidation was not based on a "final appraisement."

This is a 1966 protest, and, according to Title I, Section 122 of The Customs Courts Act of 1970, and Rule 14.9(b) (1) of the Rules of the Customs Court, it is governed by the law in effect prior to October 1, 1970. The liquidation in this protest is premature and void. The law in effect prior to October 1, 1970 as declared by the Court of Customs and Patent Appeals, and by this court in an unbroken chain of decisions, is that a liquidation of an entry prior to the expiration of the 60 days after appraisement in which the collector or district director might appeal for reappraisement is not upon a "final appraised value," is premature and void, and a protest against such liquidation must be dismissed as premature. United States v. Boston Paper Board Co., 23 CCPA 372, T.D. 48233 (1936). See also: Lawrence Groom & Co. v. United States, 64 Treas. Dec. 119, T.D. 46559 (1933), Biddle Purchasing Co., et al. v. United States, 69 Treas.Dec. 880, T.D. 48320 (1936), Ti Hang Lung & Co. v. United States, 3 Cust.Ct. 268, C.D. 248 (1939), and The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969). There can be no "final appraised value" until either the right of appeal has been exhausted, or the statute of limitations has run against such appeal. Only then can there be a legal liquidation.

The majority in following the Second Division in the case of John V. Carr & Sons, Inc. v. United States, 66 Cust.Ct. C.D. 4209, 326 F.Supp. 973 (April 29, 1971), takes the position that the

548

Court of Customs and Patent Appeals, and this court, prior to April 29, 1971, in using the word "void" to characterize a liquidation made prior to the expiration of the 60 days allowed for an appeal for reappraisement didn't really mean "void" but meant "voidable"; that it is legally wrong for the district director to liquidate prior to the expiration of the 60 days within which he may appeal, but his illegal act is merely "voidable," and the blemish of illegality in not waiting for a "final appraisement" before liquidating is automatically wiped off by the expiration of the 60 days without the district director filing an appeal for reappraisement.

The opinion in the *Carr* case, *supra*, relies upon 19 U.S.C.A. § 1501(a) (section 501(a) of the Tariff Act of 1930, as amended) in attempting to establish a "final appraised value." This statute provides in the part relied upon as follows:

"(a) * * * The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed with or mailed to the United States Customs Court by the collector within sixty days after the date of the appraiser's report, or filed by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. Every such appeal shall be transmitted with the entry and the accompanying papers by the collector to the United States Customs Court."

19 U.S.C.A. § 1501 would be pertinent here, if plaintiff was a party seeking an *appeal for a reappraisement*—an action against an appraising officer for his determination of an "appraised value." This is not such an action. This is a potest proceeding—an action against a collecting officer for his liquidation on a basis other than a "final appraised value," involved in 19 U.S.C.A. § 1503,—

one of the three essential elements the collecting officer is required to use in liquidating an entry, whether or not there has been an appeal for a reappraisement. The other two elements are quantity and rate. He cannot liquidate until the appraisement has become a "final appraised value," and he has determined the other two elements (quantity and rate) entering into his liquidation.

The opinion in the *Carr* case, *supra*, does not cite any cases holding that a collector or district director may make a premature liquidation in contravention of the statute, 19 U.S.C.A. § 1503 (section 503 of the Tariff Act of 1930, as amended), which provides:

(a) "Except as provided in section 1562 of this title (relating to withdrawal from manipulating warehouses), the basis for the assessment of duties on imported merchandise subject to ad valorem rates of duty shall be the *final appraised value*." [Emphasis added.]

It has been judicially determined that an appraised value becomes final upon the expiration of a 60-day period absent the filing of an appeal for reappraisement, and that the collecting officer cannot liquidate until the appraisement has become a "final appraised value."

The premature liquidation was not an act which the collector had the power to perform, but performed in an improper manner, as the Court of Customs and Appeals held the facts to be in the case of Fischer v. United States, 38 CCPA 143, 150, C.A.D. 452 (1951), cited in the *Carr* case. The collector had no power to liquidate until there was a "final appraisement," that is, after the 60 days for appeal had expired. Even that case made a distinction between what is merely "erroneous" and thus "voidable" and what is "illegal" and thus "void."

Whereas the opinion in the *Carr* case, *supra*, does not expressly state that the district director may waive the 60-day period within which he may appeal, the opinion implies as much.

The argument that the collector or district director be regarded as having waived his right to appeal by a premature liquidation was exploded in Lawrence Groom & Co. v. United States, 64 Treas.Dec. 119, T.D. 46559 (1933), where the collector liquidated an entry eleven days after the appraiser's report and thereafter filed an appeal for reappraisement on the fifty-ninth day. The court in permitting him to appeal for reappraisement did not regard the premature liquidation as a waiver of his right to appeal. The court at page 121 said:

"* * * The collector in this case had no appraised value upon which he could *legally* assess duty until after the 60-day period after the appraiser's return, within which he was authorized to file an appeal for a reappraisement, had expired." [Emphasis added.]

\* \* \* \* \* \*

"It is not within the power of the collector to destroy the authority granted him by Congress of filing an appeal for a reappraisement by liquidating an entry during the time within which he is authorized to file an appeal for a reappraisement of the merchandise. *The collector cannot destroy a legal right by the doing of an illegal act.*" [Emphasis added.]

A waiver means to irrevocably relinquish a right that is beneficial to the individual. A person cannot make a waiver of a right and then later say "I have changed my mind. I take the waiver back." Legal rights do not ebb and flow as the tide. Also, the 60-day period within which the collector or district director may appeal is not a personal right or privilege to waive, but a right given the collector or district director on behalf of the United States Government to determine within a 60-day period whether in the public interest an appeal for reappraisement should be taken. He cannot shorten this 60-day period by a premature liquidation.

The *Lawrence Groom & Co.* case, *supra*, was decided on the basis of section 503 of the Tariff Act of 1922 which did not contain the expression "final appraised value." The court did use substantially similar language in its decision when it said: "In this case the appraised value of the merchandise did not become final and conclusive upon all parties so long as the right of appeal vested in either of them." (Emphasis added.)

The expression "final appraised value" appeared for the first time in section 503 of the Tariff Act of 1930. Section 503 was amended in 1953, but Congress retained the expression "final appraised value," with a knowledge of the court's interpretation of the expression. If Congress had disapproved of the long standing judicial interpretation of what is meant by "final appraised value," it is submitted that it would have further amended the statute to indicate its disapproval. Its failure to do so evinces an intent to consider premature liquidations null, void and of no effect.

In the *Biddle Purchasing Co. et al* case, *supra*, the majority of the court also rejected the contention that a liquidation prior to the expiration of the 60-day period constitutes a waiver of the 60-day waiting period for the appraisement to become final.

The Second Division, in its opinion in the *Carr* case, *supra*, states that in the *Biddle* case, *supra*, "* * * where no appeal was filed, the appraisement was not held void." The issue in the *Biddle* case, *supra*, was not whether the appraisement was void, but whether the liquidation was void. The court had the following to say on this issue, at pages 885 and 886 of its opinion:

"It was only after sixty days from the date of the appraiser's report that the appraised value became final. Any liquidation made prior to the time when the appraisement becomes final is *void and without any force or effect. Such has been the holding of this court and the appellate court.*" [Emphasis added.]

\* \* \* \* \* \*

"* * * On March 23, 1936, in United States v. Boston Paper Board

Co., 23 CCPA 372, T.D. 48233, [the Court of Customs and Patent Appeals did] hold that the attempted liquidation of the entry prior to the expiration of the time within which to appeal for reappraisement was properly held by the trial court and the division to be *null and void.*

"On the facts in the case at bar we so hold." [Emphasis added.]

At page 885.

\*　\*　\*　\*　\*　\*

" \* \* \* The date on which final appraisement became valid was provided for under existing law. Therefore the liquidation in question, having been made prior to the time allowed by law, viz, sixty days, when the appraisement became final, and during which period the collector had the right to appeal, was invalid.

*"We therefore hold the liquidation of the entries covered by these protests null and void, and of no force and effect.* The protests are sustained." [Emphasis added.]

At pages 885–886.

The headnote in the *Biddle* case, *supra*, at page 880 also states:

"A liquidation made prior to the expiration of the sixty days allowed by law to the collector within which to appeal for reappraisement is *void*, as the appraisement by the appraiser does not become final and conclusive until such time has expired." [Emphasis added.]

Admittedly a headnote is no part of the decision in a case, but in this instance it does succinctly and accurately capsule the opinion.

Judge Ford, who was assigned to participate in this case after Judge Landis and I divided on granting a motion for rehearing, wrote the opinion in The New Home Sewing Machine Co. v. United States, 62 Cust.Ct. 895, R.D. 11655 (1969), cited above, in which he quoted extensively from the *Biddle* case in support of his conclusion that "any liquidation made before the appraisement becomes final under the above sections [501 and 503 of the Tariff Act of 1930] is premature, illegal, null and void." After quoting from the *Biddle* case, he stated "In view of the foregoing the liquidation was improperly made and is therefore void."

Judge Ford also concurred in the *Carr* case which makes the incidence of a post-liquidation appeal for reappraisement the controlling consideration as to whether a liquidation made within sixty days of an appraisement is to be judged void or merely voidable. I cannot reconcile Judge Ford's concurrence in this view in *Carr* with his earlier and contrary view on the same subject in The New Home Sewing Machine Co. v. United States, *supra*. In *The New Home Sewing Machine Co.* case both appraisement and liquidation occurred on the same day, and no appeal for reappraisement was filed subsequent to the premature liquidation. But the absence of such an appeal in that case did not deter Judge Ford from ruling that the premature liquidation was "illegal, null and void."

The Customs Courts Act of 1970, effective October 1, 1970, changes the administrative procedure in appraisement and liquidation, but the same Act limits this court to applying the law in effect prior to October 1, 1970, in deciding protests, the trial of which began prior to October 1, 1970 (Title I, Section 122 of The Customs Courts Act of 1970). Also, Rule 14.9(b) (1) of the Rules of the Customs Court effective October 1, 1970, provides:

"All actions in which trials have commenced prior to October 1, 1970 shall be further processed and governed in accordance with the law and with the rules of the court in effect prior to October 1, 1970."

This protest was tried prior to October 1, 1970.

The position taken by me in Garod Radio Corporation v. United States, 46 Cust.Ct. 473, Abstract 65612 (1961), to which attention is called in the majority opinion is not inconsistent with the

views I express here. In the *Garod* case the issue before the Third Division of this court was whether the question of the legality of a liquidation (by reason of the pendency of an alleged appeal for reappraisement) could be adjudicated by the court without regard to the "sufficiency" of the protest which purported to present the question. In the opinion written by me in *Garod*, concurred in by Judge Johnson thus constituting the majority view in that case, the Third Division (one judge dissenting) held that the question of the legality of the liquidation could not be entertained by the court by reason of the legal insufficiency of the protest. Thus, the court, in dismissing the protest in *Garod*, never reached the question of a "void" liquidation. The majority opinion expressly found there that "The protest in its present posture does not afford the court jurisdiction to inquire into the sufficiency of the alleged appeal to reappraisement or the validity of the liquidation." In the instant case, however, the court has found the protest to be legally sufficient to confer jurisdiction upon the court to entertain the question as to the legality of the liquidation. Consistent with this finding I have for the reasons stated hereinbefore, found the liquidation herein to be "void."

The liquidation herein is null and void by reason of its prematurity, and the protest filed herein against such void liquidation is premature, and must, therefore, be dismissed.

### III.

In view of the briefs of the government and the *amicus curiae* in which persuasive authorities have been brought to the court's attention on the validity of the appraisement, were the posture of the case such as to permit modification of the judgment, I would modify to the extent of holding the appraisement to be valid.